## Hubbard *v.* Shaler.

1805.

In the Court below,

NATHANIEL SHALER, *Petitioner* ; ELIJAH HUBBARD, Esq.
Treasurer of the County of Middlesex, *Defendant.*

THIS was a petition against the County of Middlesex, to recover damages for the escape of one *Jonathan Keeney*, by reason of the insufficiency of the gaol.

The material facts stated in the petition, and found by the Court, were the following : On the 19th of April, 1802, *Shaler* brought an action on contract, against *Keeney*, by process of attachment, returnable to the County Court, in November, 1802 ; and on the same day, attached his body ; and for want of bail, committed him to prison. The writ was duly returned, and entered in the docket ; and, by legal removes, came to the adjourned term in December, 1802 ; when the parties to the action appeared therein, and a legal judgment was rendered in favour of *Keeney*, against *Shaler*, for costs. *Shaler* appealed to the Superior Court, and eventually recovered judgment against *Keeney*. Execution was taken out, a demand made at the gaol within five days, and *non est inventus* returned. In May, 1802, *Keeney* broke tkrough the gaol, by reason of its insufficiency, and made his escape, absconding immediately to parts unknown ; whereby *Shaler* was damnified to the whole amount of his judgment against *Keeney*, and interest.

By the decree of the Superior Court, *Shaler* recovered that amount.

*Dana*, and *Dwight*, for the plaintiff in error.

1. The damages are excessive.

In an action against the County, for an escape on mesne process, damages may, *upon inquiry*, be recovered, to the amount of the whole sum, for which the person who has escaped was in custody, and interest ; but not *of course* as the consequence of a verdict for the plaintiff

By the acceptance of a plea, after commitment of the defendant, on mesne process, for want of bail, the plaintiff does not waive his right to have the defendant forthcoming within five days after final judgment.

1805.

HUBBARD
*v.*
SHALER.

The remedy against Counties, by our statute, is equivalent to an action on the case, at common law, against the sheriff for a negligent escape. *Debt* did not lie for escape, either on mesne process, or execution, until the statute of *West* 2. 3 *Edw.* 1. *c.* 11. (*a*) It was by the equity of that statute, and the statute of 1 *Rich.* 2. *c,* 12. that debt for escape on execution was allowed. (*b*) In the action on the case, for escape on mesne process, *the delay,* &c. were the usual grounds of damages. They gave the damages actually sustained. (*c*) But, it does not appear, by any express allegation, that here had been any damage sustained. The allegation in the petition is " *that Shaler has been damnified by reason of such escape, in the whole amount of said execution,* &c." Most clearly, *the whole sum* could not be the rule of damages. (*d*) On no principle could *interest* be allowed. If the suit had been on a bail-bond, no interest could have been recovered.

2. Before *Shaler's* judgment against *Keeney* was recovered, the latter was legally discharged.

*Keeney* was committed for want of Bail. The object of bail is, to enforce *an appearance :* (*e*) and imprisonment on attachment is for the same purpose. Whenever an appearance is allowed, the object of both is accomplished. (*f*)

(*a*) 2 *Co. Inst.* 382. 2. *Bac. Abr.* 525. F. 3. *Com. Dig.* 639. *Bull. N. P.* 68. '*Esp. Dig.* 203.

(*b*) *Cro. Jac.* 657. 2 *Stra.* 878, *Stonehouse* v. *Mullins. Cro. Eliz.* 787, *Hertford* v. *Gernon.*

(*c*) *Cro. Eliz.* 625, *Bennion* v. *Watson. Ib.* 652, *Bonner* v. *Stokely.* 2 *Stra.* 901, *Cooke* v. *Champneys.* 5 *Term. Rep.* 37, *Planck* v. *Anderson.*

(*d*) *Kirby* 318, 325, *Clark* v. *County of Litchfield.* 1 *Root* 126, *Staphorse* v. *County of New-Haven.* 1 *Root* 278, *Dennie* v. *County of Middlesex.* 1 *Root* 357, *Murray* v. *Bishop.* 1 *Root* 505, *Dutton* v. *County of Litchfield.* 2 *Root* 23, 24, *Williams* v. *County of New-Haven.* 1 *Root* 357, *Smith* v. *County of New-Haven,* which was for an escape on *mesne* process.

(*e*) 3 *Bla. Com.* 290. *Apend.* XXIV. XXV. *Stat.* 22, 38. *edit.* 1796.

(*f*) 5 *Term. Rep.* 37, *Planck* v. *Anderson.*

*Keeney* appeared, and made defence, at the County Court. No escape since that time is alleged. At the time of *Shaler's* judgment, then, he was lawfully at large. By waiving special bail, &c. *Shaler* reduced his attachment to a summons. (*g*)

*Ingersoll*, and *Smith*, (of Woodbury,) for the defendant.

1. We admit the principle, that *Shaler* could recover *his damages* only of the county ; and that the facts, from whence they may be inferred, must be averred. But we are strictly within this principle. The declaration avers, that *the debt* has become *totally lost*, by the escape of *Keeney ;* and the Court has found this fact, and given us the same sum, that we should have recovered of *Keeney*, had he remained in gaol, until an execution could have taken him.—The finding of the Court, justified by the facts of record, is conclusive.

2. It appears of record, that *Keeney*, for want of bail, was committed to prison. This was all that *Shaler* knew, or was bound to know. Had he been bailed, the return would have specified this fact, and the reception of a plea would have been a waiver of bail. But the fact was very different. The debtor was in gaol, there to remain until judgment, and five days afterwards. There was no act necessary, on the part of the plaintiff, to secure his prisoner ; and there was no act on the part of the prisoner, which could put an end to his imprisonment. He had a right to plead without giving *special bail*. Indeed, it could not be required of him, nor could the Court take bail. There is no instance, in which special bail ever has been taken, or sanctioned, unless bail had first been given to the sheriff. The debtor was not

(*g*) 2 *Bos. & Pul.* 35. *Pariente* v. *Plumbtree.* 2 *Bos. & Pul.* 246, *Allingham* v. *Flower.* 2 *Bla. Rep.* 1048, *Hawkins* v. *Plomer.* *Barnes* 92. *Kirby* 434, *Gallup* v. *Denison.* 2 *Root* 101, *Halsey* v. *Fanning.*

1805.

HUBBARD
v.
SHALER.

bound to appear personally at Court ; he had a right to plead by attorney ; and the finding by the Court, that he appeared, is no evidence of *personal* appearance. This, however, is a needless inquiry ; for whether he pleaded by attorney, or by himself,—in Court, or remaining in gaol,—the imprisonment is not affected. It does not appear, that the escape was known by *Shaler*. It was a matter *in pais*, of which he was not bound to take notice. Had he seen *Keeney* in Court, or abroad, he would not have had a right to conclude, that he had escaped. The sheriff might indulge him with his liberty, and thus he would be answerable ; but if the debtor were in prison in season for the execution, the plaintiff below could not complain. (*h*) This, however, is out of the question. The single point is, whether the plaintiff was bound to demand special bail, or a *mittimus* to commit *Keeney*. Nothing has been said remotely tending to prove this point, unless there is *an analogy* between bail to the action, and a person imprisoned for want of bail. There is no analogy.

BY THE COURT unanimously, the judgment was affirmed. Regarding the first question, The principle assumed by the counsel for the plaintiff in error was correct ; but it proved the judgment to have been well founded. As to all the damages alleged, inquiry was competent ;—inquiry was made ; and the Court gave the principal, interest, and costs, which they had an unquestionable right to do.

Respecting the second point, The law of Connecticut has its system relative to bail, and to imprisonment ; *systems entirely distinct ;* both resting on statutes ; and (if there be some analogy) the most simple mode of ascertaining the law relative to each, is, by an investigation of each without any embarrassment from the other. This is a question *of practice ;* and little light is derivable from the practice in Westminster-Hall. At the same time, it is a truth, that the practice in both countries is *essentially* the same.

(*h*) 2 *Term Rep.* 172, *Atkinson* v. *Matteson.*

By our law, if the body of the defendant is attached, he may be let to bail, and the sheriff must take bail, if it is sufficient. It then becomes the duty of the officer to return his writ, with an indorsement, mentioning, that he *has taken bail for the defendant's appearance.* This return imposes an obligation on the plaintiff, if he would preserve his hold, to demand special bail. He is not obliged to make any oral inquiries, or to search for facts. The return is the only object at which he is to look. The condition of the bail bond is performed, if the defendant appears ; and this appearance consists in the acceptance of a plea. The plea, if accepted, waivers all right to special bail, or to an imprisonment of the defendant's body. Of consequence, the plaintiff must see, that special bail is given, before he accepts a plea ; or that the defendant, (if delivered up) is committed to prison. When he is committed, he may plead by attorney, or personally ; and the words that *he pleads in custody* cannot be essential. The record gives a history of the proceedings ; of his delivery up in court ; and of his commitment to gaol. So that the expression above mentioned in the defendant's plea is always superfluous. After he is imprisoned, whatever may be the length of the litigation, the defendant must remain in prison until five days after final judgment ; and then, if execution is not levied on him, he may be discharged.

If the defendant will not, or cannot, procure bail, it becomes the duty of the sheriff to apply to a justice for a *mittimus,* (*i*) which, declaring the cause of commitment, directs the gaoler to receive and keep the prisoner *until discharged according to law.* What this law is, appears from the next statute. (*j*) The prisoner *is not to be holden longer than five days after the rising of the court,* in which *final judgment shall be rendered.* Though expressed negatively, yet the construction ever has been, that the defendent is to be holden until five days after the judgment.

(*i*) *Stat. p.* 34. *edit.* 1796.
(*j*) *p.* 35.

1805.

HUBBARD
*v.*
SHALER.

In the mean time, the plaintiff, on inspecting the record, knows, that the defendant is secure, and that he has no act to do to keep him in prison. He objects not to his pleading ; because the defendant has a right to plead, and that without bail. He opposes not his pleading *by attorney ;* for the prisoner has right to his attorney. On the whole, the plaintiff is only to take care, that within five days after final judgment his execution is in the hands of the sheriff, to be levied on his debtor. This is the construction of our statutes relating to this subject, and this the *invariable practice.*

Were it necessary to look further, some benefit would be derived from the *analogy* of the law relative to bail. But the true point of analogy seems to have been misapprehended, by the plaintiff in error. It is as little proper to say, that, when a person is committed to prison, the Court is his bail, as that, when persons are let to bail, their bail is their prison. This is a method, by fanciful allusion, to embarrass a plain subject. As improper is the assertion that, because the reception of a plea is the waiver of special bail, so, the reception of a plea is the waiver of imprisonment. This, if any thing, is analogical reasoning. But there is no analogy between the condition of bail to the sheriff, and of imprisonment ; and, therefore, the argument fails. There is, however, *a point*, at which the analogy commences. It is when the person bailed has been delivered up in court, and is committed to gaol ; and when the person, who could not procure bail, is committed by the justice. The commitments are in the same language ; for the same cause ; with the same object. The law, then, must be similar, in both instances. In commitment by the court, the imprisonment, it is agreed, must be permanent, until after the rising of the court ; the same must be the imprisonment for want of bail to the action.