## SCOTT *against* CRANE :

### IN ERROR.

THIS was an action on the case, against *Scott*, as constable of the town of *Oxford*, for neglecting and refusing to deliver up property to be taken in execution, which he had attached in a suit between *Crane* and one *Smith*. The declaration particularly described the process, and recited the defendant's return on the writ of attachment, and the return on the execution of the officer who held it.

On the trial of the cause in the county court, the plaintiff offered in evidence an authenticated copy of the return on the execution, which was as follows : " *New-Haven* County *ss.* *New-Haven, January* 27th, 1814. I made demand of *Elias Scott* of *Oxford,* constable, for the property by him taken on the original attachment against the debtor, whereon to levy this execution, but he neglected and refused to deliver any. I also made search for money, goods or chattels of the debtor within my precincts, whereon to levy and satisfy this execution and my fees, but could find none ; neither could I find the debtor's body ; I therefore return this execution into the office whence it issued wholly unsatisfied. (Signed.) *Ebenezer Weed,* deputy-sheriff." The defendant objected to the evidence offered, on the ground, that at the time of the demand made upon him for the goods attached, he was an inhabitant and constable of the town of *Oxford,* and that, as it appeared from the return, the demand was made at *New-Haven,* without the defendant's official precincts. To repel this objection, the plaintiff offered to prove by the parol testimony of *Weed,* the deputy-sheriff, that at the time when he made the demand, the defendant declared that he had given up the goods in question to *Zerah Hawley* and *Lewis Hotchkiss,* and taken their receipt for them, which he proposed to deliver over to *Weed.* To the admission of this evidence the defendant also objected ; but the court overruled the objection, and admitted the evidence last mentioned, and the copy of the return.

It appeared on the trial, that the plaintiff's writ of attach-

A writ of attachment was served by arresting the body of the debtor, but before any return, the creditor discovering goods belonging to the debtor, released his body, and caused the goods to be attached by the same writ : held that the process was legal.

Where a personal demand is made on an execution of an officer without his official precincts, for goods previously attached by him to respond the judgment, an unqualified refusal to deliver up such goods will subject him to an action at the suit of the creditor.

Though the acts of an agent when acting for the principal are binding on the principal, yet to let in proof of them it is necessary to establish the agency by other evidence than such as may be derived from the acts proposed to be proved.

ment against *Smith* was legally served on him by arrest in the town of *Derby ;* and that soon afterwards, the plaintiff, on the discovery of property belonging to *Smith,* discharged his body from arrest, and sent the writ to the defendant in *Oxford ;* where it was served by attaching the goods aforesaid, which, by the order of *Smith,* the defendant delivered up to *Hawley* and *Hotchkiss* before judgment in the suit. The defendant then offered to prove, for the purpose of shewing that he was not liable to the plaintiff, that the writ was sent to him by *Hawley,* and not by the plaintiff ; that the defendant served it by direction of *Hawley ;* that all the orders he received came from *Hawley ;* that he knew no other person in the business ; and that he had, by *Smith's* direction, delivered up the goods to *Hawley.* The plaintiff objected to this evidence ; and the court decided it to be inadmissible, unless the defendant would shew that *Hawley* was the authorized agent of the plaintiff.

In the charge to the jury, the court instructed them, that notwithstanding the service of the writ upon the body of *Smith* in *Derby,* the service of the same writ by the defendant afterwards was legal, and made him responsible for the goods to the plaintiff.

A verdict being found for the plaintiff, the defendant filed his bill of exceptions to the decisions of the court upon the evidence offered, and to the charge. A writ of error was thereupon brought in the superior court, who affirmed the judgment. The present writ of error was then brought, assigning the general error.

*L. E. Wales* for the plaintiff in error. 1. The writ under which these goods were attached, when it came into the hands of *Scott,* as constable of *Oxford,* was *functum officio,* a mere dead letter ; it having been previously served in *Derby,* by a constable of *Derby,* on the body of *Smith,* the debtor. The precept of the writ was then completely executed ; and it was the duty of the officer to return it. Either party might then sue him for not returning it. He was then entitled to his fees for service. If it be said, that it was the right and duty of the plaintiff to take the goods, when he discovered them, in preference to the body ; it may be answered, that it was not necessary that he should take them with the same writ. Another writ might have been

served on the goods, and the first action discontinued. In this way the public revenue would not have been defrauded of the duty. A practice allowing a creditor to arrest the body of his debtor in one part of the county, and then send the writ to another part and attach his goods, would be too vexatious to be endured. When a party has taken the body, he has got the highest security which the law knows of. As therefore, *Scott,* the constable in *Oxford,* was not authorized by virtue of a writ which had been thus served, to attach the goods in question, he is not liable to *Crane* for refusing to deliver them up to him. *Brinley* v. *Allen,* 3 *Mass. Rep.* 561. *Doe.* d. *Pate* v. *Roe,* 1 *Taun.* 55. *Leavenworth* v. *Baldwin,* 2 *Day's Ca.* 217. 1 *Back. Sh.* 193. *& seq.*

2. There was no legal demand of *Scott* for the goods attached. He was a constable of *Oxford;* and the demand should have been made of him in *Oxford,* within his official precincts, where alone he was authorized, or bound, to have the goods. The demand might have been as properly made of him in *New-York* as in *New-Haven;* but would he be liable for a refusal there? Parol evidence of what was said in answer to the demand in *New-Haven,* in order to excuse a demand within the plaintiff's official precincts, ought not to have been admitted. The return of the demand on the execution is matter of record, and cannot be varied or explained by parol. 1 *Back. Sh.* 255, 263, 220. *Grant* v. *Shaw & al.* 1 *Root* 526. *Eddy* v. *Knap,* 2 *Mass. Rep.* 154.

3. *Scott* had delivered over the goods to *Hawley* as the agent of *Crane,* and thus discharged himself. *Scott* received the writ from *Hawley,* and attached the goods by his direction, and knew no one else in the business. *Crane's* taking judgment and execution on the writ which *Hawley* had thus procured to be served, was sufficient evidence that *Hawley* was his agent in this transaction. At any rate, it should have been permitted to go to the jury for what it was worth.

*Staples,* for the defendant in error, insisted, 1. That by our law an attaching creditor is bound to take goods, if they are discovered before the writ is returned, in preference to the body. But admitting it to be irregular to serve a writ of attachment upon goods after an arrest of the body under the same writ, yet it is matter that affects none but the defendant in the process; and the proper time for him to make

*New-Haven,*
November,
1814.

Scott
*v.*
Crane.

his complaint is at the return of the writ. If he suffers judgment to pass against him, he cannot treat the taking of the goods as a trespass; and if *he* cannot, *a fortiori* the officer who took the goods cannot. Then, if the goods were rightfully taken, or what is the same thing with respect to him, if he cannot be permitted to say that they were taken wrongfully, he must be liable for refusing to deliver them up on the execution.

It does not appear from the return *where* the demand was made. The return, indeed, is *dated* at *New-Haven;* but the demand might have been made in *Oxford.* But suppose the demand to have been made in *New-Haven;* might there not have existed a state of facts which would excuse the officer from going to *Oxford* to make demand? If so, was it necessary that he should detail these facts in his return? This is not like the case where certain things must appear in writing in order to vest a title. If *Scott* waived a demand in *Oxford,* it would justify the officer in making his return in the usual form, without specifying that fact. If it should ever afterwards become material, it might be proved by parol. This evidence is not at variance with the officer's return, but perfectly consistent with it.

3. There was no proof that *Hawley* was the authorized agent of *Crane.* The attempt was to shew what *Hawley* did in relation to this transaction. We objected to their proving *Hawley's* acts without first shewing that he was the authorized agent of *Crane.* It is now argued that the acts of *Hawley* proved his authority. The fallacy of this mode of reasoning is apparent.

SWIFT, J. This was an action against the defendant for estate, which as constable he had taken on an attachment in favour of the plaintiff against one *Smith.* The defendant (now plaintiff in error) in the court below contended, that the writ was served on the body of *Smith* in *Derby* by a constable there, and then the body released, and the same writ delivered to him in *Oxford,* where he attached the property in question; that the writ having been duly served in *Derby* could not be taken back; and that the service in *Oxford* was void.

In all suits, it is the object of the law in favour of the liberty of the citizen, that the body of a debtor shall never be

*New-Haven,*
November,
1814.

Scott
*v.*
Crane.

taken and imprisoned, where sufficient estate can be found; and in all cases where estate can be found, the creditor shall have a right to attach it, in preference to the body, for the purpose of more effectually securing his debt. It has, therefore, been the immemorial usage for officers, when they have arrested the body, if before the writ is returned they discover estate, to release the body, and take the estate; and this reasonable practice has been sanctioned by judicial decisions. In the present case, as the estate discovered was not in the precincts of the officer who attached, it became necessary that the writ should be delivered to a different officer after the body was released; but this can make no distinction in point of principle; for the reason and the object of the law are the same in both cases.

It is further contended, that the demand of the estate should have been made in *Oxford,* within the official precincts of the defendant.

Whenever an officer has attached estate, and holds it to respond the judgment, it is necessary that a demand should be made of him upon the execution. No place is prescribed by law at which such demand must be made. It may be at his place of abode, or wherever he may be. If the demand should be made of him at a place where the property is not, and he offers to deliver it to the officer at the place where it is, it will be the duty of the officer to repair to such place to receive it; but if he refuse to deliver it at any place, this refusal will subject him to an action, whether the estate were at the place where demanded, or not. In this case, if the defendant, on the demand in *New-Haven,* had informed the officer that the estate was in *Oxford,* where he would deliver it, then it would have been the duty of the officer to go there to receive it. So if he had had the estate in *New-Haven,* and delivered it on the demand, it would have been good. But as the defendant refused to deliver the estate any where, it was unnecessary to repair to his place of abode. He had a reasonable opportunity to perform his duty; and having neglected and refused to do it, he has rendered himself liable.

As to the question of proving the acts done by *Hawley,* said to be the agent of the plaintiff, it is clear that the doings or concessions of an agent when acting for the principal are binding on the principal; but to let in the proof of them, it

*New-Haven,*
November,
1814

Scott
*v.*
Crane.

is necessary that the agency should be first proved. The defendant having offered no proof of the agency, it was proper for the court to refuse evidence of the acts done by him.

I am, therefore, of opinion, that there is no error in the judgment complained of.

In this opinion the other Judges severally concurred.

Judgment affirmed.