SANFORD *against* NICHOLS.

An action at law can be sustained by him only, in whom the legal interest is vested.

Where a suit was brought on a note not negotiable, after it had been assigned, in the name of the promisee, against the maker, in which suit, the goods of the defendant were attached, and after judgment in the plaintiff's favour and execution thereon, the officer who served the attachment, neglected to deliver such goods, when demanded on the execution; it was held, that the right of action against the officer for such neglect of duty, was vested in the assignee, and that a suit in the name of the promisee, for this cause of action, could not be sustained. [One judge dissenting.]

Where the execution obtained in such first suit was given for service to a different officer from the one who served the attachment, who stated in his return, that he made demand of the attaching officer for the goods by him attached, and that he neglected to deliver them; in an action against the attaching officer for such neglect of duty, it was held, that as it was the legal duty of the officer serving the execution to make such demand, his return, shewing the fact, was *prima facie* evidence of its truth.

This was an action on the case against *Theophilus Nichols,* a deputy sheriff, for neglect of duty in relation to certain goods, which he had attached in a suit brought by the plaintiff against *George Jones,* on a promissory note.

The cause was tried at *New-Haven, October* term, 1840, before *Williams,* Ch, J.

The plaintiff, having proved, that a writ of attachment was taken out in his name against *Jones,* and put into the hands of the defendant, then a deputy sheriff, who attached thereon certain articles of personal property, specified in the declaration ; and that the plaintiff obtained judgment and execution in such suit, and delivered the execution to *Josiah B. Fairchild,* a deputy sheriff, for service, as alleged in the declaration; offered the return of the latter officer, to prove that demand had been made of the defendant, for the goods by him attached, and that he neglected to deliver them. To this the defendant objected, insisting that such return was not evidence against him, to shew that he had neglected to deliver er the goods attached. The judge ruled, that the return of the officer upon the execution of a demand by him upon the defendant, and the neglect of the defendant to deliver the goods attached, was *prima facie* evidence of those facts, as

well as of the other facts stated in his return, and admitted
it accordingly.

The defendant, on his part, offered evidence to prove, that before the commencement of the original suit, the plaintiff had, by an indorsement on the note upon which such suit was brought, which was a note not negotiable, assigned all his interest therein to *Timothy Gorham*, to be taken at his own risk. To the admission of this evidence, the plaintiff objected, as irrelevant to the case, and as tending to contradict the judgment by him recovered upon said note. The defendant claimed, that the evidence was admissible, to show that the plaintiff had suffered no injury, and could not maintain this suit, but that *Gorham* alone could bring the action ; and that, if the plaintiff could recover at all, he could not recover damages for any loss sustained by the non-delivery of the goods attached by the defendant. The judge excluded the evidence from the consideration of the jury, and directed them, that the plaintiff was entitled to recover a just compensation for the damage sustained by the defendant's neglect in not delivering the property, when demanded upon the execution.

The jury returned a verdict for the plaintiff ; and the defendant moved for a new trial, on account of the several decisions of the judge above stated.

*Dutton*, in support of the motion, contended, 1. That the return of the second officer, is no evidence against the first ; as he was no party to the proceeding.

2. That an officer on mesne process, is liable only for the damages actually sustained ; and if no damages have been sustained, there is no cause of action. *Planck* v. *Anderson*, 5 *Term Rep.* 37. 40. *Libret* v. *Child*, 1 *Root* 264. *Fitch* v. *Smith*, 9 *Conn. Rep.* 42.

3. That the assignee is the *owner* of an assigned note, and, of course, he alone can sustain the suit. He is the party *injured*. If trover were brought, the action must be in his name. An information for stealing such note, must aver the property to be in him. *Colburn* v. *Rossiter*, 2 *Conn. Rep.* 503. *Welton* v. *Scott*, 4 *Conn. Rep.* 527.

4. That the damages, if any, should be merely nominal.

*Mix*, contra, contended, 1. That the officer's return was

admissible evidence of the demand on the execution. This was an official act, and so a proper subject of the return. *Jones* v. *Gilbert,* 13 *Conn. Rep.* 507.    *Scott* v. *Crane,* 1 *Conn. Rep.* 255.

2. That the suit was properly brought in the name of the judgment and execution creditor. The object of the suit is to give effect to the attachment. If the former suit was properly brought in the name of the payee of the note, this suit should be brought in the same manner. So an action of debt on the former judgment, or an action of ejectment for land set off on the execution, must be brought by the party to the former suit. He is the person who has the *legal right.* 1 *Chitt. Plead.* 1, 2. 48, 9. At any rate, this defendant, who took the writ in *Sanford's* name, attached the property in his name, and was legally bound to hold it and deliver it on an execution in his name, cannot set up this objection. He is concluded, by his return on the writ. *Williams* v. *Cheesebrough,* 4 *Conn. Rep.* 356.

The case of *Colburn* v. *Rossiter,* is not opposed to the principle here insisted on. It only decided, that you might shew, on a petition for an act of insolvency, that the beneficial creditor had been cited ; and three judges did not go even that length. The facts of that case were altogether different from this. There was no question there, about an officer's return and its effect ; no mesne process. All the equities were one way. There, the court looked through forms, to subserve equity : here, it is asked to overturn established forms, to subvert equity.

3. That the charge was unexceptionable as to damages. It only authorized the jury to compensate the plaintiff for the injury he had sustained, by the defendant's misconduct.

4. That if the charge was not strictly correct, still a new trial will not be granted on that account ; as the verdict is consistent with the facts and justice of the case. *Barber* v. *Brace,* 3 *Conn. Rep.* 9.    *Bates* v. *Coe,* 10 *Conn. Rep.* 280. 291.    *Bailey* v. *Hyde,* 3 *Conn. Rep.* 463. 467.    *Johnson* v. *Blackman,* 11 *Conn. Rep.* 342.    *Selleck* v. *Sugar Hollow Turnpike Company,* 13 *Conn. Rep.* 453. Here, the jury have found the defendant guilty of the negligence imputed to him, and have assessed such damages, and such only, as the

plaintiff has sustained. Justice requires that the verdict
should not be disturbed.

CHURCH, J. 1. An action at law can be sustained by him
only, in whom the legal interest in the subject matter of the
suit is vested. The subject matter of this suit, is *the negli-
gence* of the defendant.

If the action was upon the note itself, against the promiser,
the action could only be sustained by the promisee, notwith-
standing the assignment; because a *chose in action* cannot be
so assigned, as to give the assignee a legal right to sue upon
it, in his own name. This is an established principle, and
we have no disposition to evade it. In such case, the subject
matter of the suit would be, the *promise to pay*, in which the
promisee alone has the legal interest.

The right of action prosecuted in this suit, never existed in
this plaintiff, the promisee : it is a new right, originated since
his time, and against a person with whom he never had any
privity. The *promise* was the *chose in action*, in which this
plaintiff had a legal interest, and which he assigned to *Gor-
ham*. The present right of action, growing out of the under-
taking of this defendant with *Gorham*, and his neglect of duty,
was original in *Gorham* alone.

It has been said, that if an action of debt had been brought
upon the judgment recovered by *Gorham*, the assignee, against
the original promiser; or if an action of ejectment had been
prosecuted for the land set off in satisfaction of such judg-
ment; such actions must still have been in the name of the
promisee of the note. This is true ; but it is because, in the
first case, the judgment being *in the name* of the promisee
against the promiser, the legal interest has not been changed ;
and in the second, the levy being in his name, conveyed to
him the legal title to the land. And in both cases, the pro-
ceedings are only following out the original remedy, and en-
forcing the original legal right against the original debtor, by
collecting the debt.

But here, we have a case essentially different. This right
of action is not against the original debtor, but a third person,
the officer ; it is for a cause of action which does not affect
the interest of the promisee ; nor will a judgment upon it, in
any way discharge the obligation, or pay the debt due from

HARVARD LAW SCHOOL LIBRARY.

the promiser of the note. It is difficult, therefore, for us to discover the principle, which will authorize an action in favour of this plaintiff, against this defendant, for this cause of action. And yet, we agree, that " every proceeding at law, directly to enforce the contract," made with the assignor, by the promiser, must be in the name of the assignor. 2 *Conn. Rep.* 506.

The decision of the case of *Colburn* v. *Rossiter*, 2 *Conn. Rep.* 503. as we believe, proceeded upon the principles we here recognize, and connot be justified upon any other. And a majority of the judges who sat in that case, expressly recognize them. 2 *Rolle's Abr.* 45. *Masters* v. *Miller*, 4 *Term Rep.* 339. *Magill* v. *Lyman*, 6 *Conn. Rep.* 59. *Lyon* v. *Summers*, 7 *Conn. Rep.* 399.

We have assumed it, in this case, that the note was legally assigned to *Gorham*, although it does not appear upon the motion, that any notice of assignment was given to the debtor. There could have been no proof of such notice ; because the preliminary evidence of the assignment was excluded ; the defendant was arrested at the threshhold of his defence ; and this is the ground of complaint. But more than this ; the assignment, as between *these parties*, was valid, without any notice to the debtor. *Bishop* v. *Holcomb*, 10 *Conn. Rep.* 444.

A majority of the court, for the reasons given, are of opinion, that for the cause of action set up in this motion, *Gorham*, the assignee of the note, and in whom was the entire beneficial interest, can alone sustain an action. There was no concurrent right or remedy for this plaintiff. It is unlike the case of an injury to personal property in the hands of a bailee, or the peculiar rights of a tenant in possession, and a reversioner &c., where there may be concurrent remedies for the same act, affecting the distinct rights of each. Here, if the legal interest is in *Gorham*, the assignee, there can be no right at all in this plaintiff.

2. It was also claimed, in this case, that the court below erred, because it admitted in evidence the return of the officer, showing a demand by him with the execution, for the property attached upon the original writ, of the officer attaching it. This evidence was very properly admitted. It was the legal duty of the officer serving the execution, to make

that demand ; and if so, his return shewing the fact was *pri-* <span>New-Haven, July, 1841.</span>
*ma facie* evidence of its truth. *Scott* v. *Crane,* 1 *Conn. Rep.*
255. *Gates* v. *Bushnell,* 9 *Conn. Rep.* 530. *Howard* v.
*Smith,* 12 *Pick.* 202. But for the first cause or ground of
the motion for a new trial above considered, a majority of
the court advise a new trial.

<span>Sanford v. Nichols.</span>

In this opinion the other Judges concurred or acquiesced,
except SHERMAN J., who dissented on the first point.

New trial to be granted.