## ALFRED A. UPSON AND WIFE *vs.* MOSES C. SWEZEY.

By statute (Gen. Statutes, tit. 13, sec. 19,) the personal property of a wife vests in her husband as trustee for her. Held that husband and wife, prior to the act of 1873, could not join in a suit upon a chose in action belonging to the wife, but that the husband must have sued alone as trustee.

Whether the act of 1873 (Laws of 1873, p. 159) authorizing husband and wife to join in suits at law and in equity, applies to such a case: *Quære.*

If it does, yet it clearly does not apply to suits pending at the time the act was passed.

GENERAL ASSUMPSIT; brought to the Court of Common Pleas of New Haven County.

The declaration was as follows:—" Then and there to answer unto Alfred A. Upson and Maria Upson, his wife, both of said New Haven, in a plea of the case, whereupon the plaintiffs declare and say that the defendant, on the 13th day of January, 1873, was indebted to Maria Upson, one of the plaintiffs in the above named suit, and wife of the said A. A. Upson, the other plaintiff in said suit, in the sum of one hundred and three dollars, in her own separate right, and which was her own proper estate, for so much money before that time had and received of the said Maria, one of the plaintiffs, out of the estate of the said Maria, held in her own right, and which was her own proper estate, by the defendant, to and for the use of the said Maria in her own separate right

and for the benefit of her own proper estate; and for so much money before that time paid, laid out and expended by the said Maria out of property held in her own separate right and which was her own proper estate, for the defendant at the special instance and request of the defendant; and for so much money before that time lent and advanced to the defendant by said Maria out of property held in her own separate right and which was her own proper estate, at the special instance and request of the defendant; and for money found to be due and owing from the defendant to the said Maria in her own right and which was her own proper estate, on an account then and there stated between them; and being so indebted, the defendant afterwards, to wit, on the day and year last aforesaid, in consideration thereof, undertook and faithfully promised the said Maria, one of the plaintiffs in said suit, to pay to her said sum of money when he should be thereto afterwards requested. Yet the plaintiffs say that the defendant, his said several promises aforesaid not regarding, has never performed the same, though often requested and demanded; which is to the damage of the said Maria, in her own separate estate, the sum of one hundred and fifty dollars.

To this declaration the defendant demurred specially, assigning the following causes of demurrer.

1st. That said declaration joins the said A. A. Upson and his wife Maria Upson as plaintiffs; whereas it manifestly appears on the face of said declaration that the said Maria Upson has no legal interest in the matters alleged in said declaration, and that the entire legal interest therein is vested in the said A. A. Upson as trustee for his said wife, so that there is a fatal misjoinder of parties in said case.

2d. That the declaration alleges the promise of the defendant therein alleged, to have been made to the said Maria Upson; whereas in law, if any such promise was ever made, it was made to the said A. A. Upson, as trustee for his said wife, and should have been so averred.

3d. Because in said declaration it is alleged that the damages arising from the alleged non-performance by the defendant of his promise in said declaration alleged, belong and accrue to the said Maria Upson; whereas, if any such dam-

age ever existed, it should have been alleged to belong to the said A. A. Upson as trustee for his said wife.

The court (*Pardee, J.*) sustained the demurrer, and rendered judgment for the defendant, and the plaintiffs brought the case before this court by a motion in error.

*Stone*, for the plaintiffs.

*Alling*, for the defendant.

PARK, J. We see no error upon this record. The legal title to the chose in action sought to be recovered was by statute vested in the husband as trustee of his wife. Gen. Statutes, tit. 13, sec. 19; *Baldwin* v. *Carter*, 17 Conn., 201; *Winton* v. *Barnum*, 19 id., 71; *Riley* v. *Riley*, 25 id., 154.

The action therefore should have been brought in the name of the husband, as trustee for his wife, as he alone had the legal title; for the right of action at law is vested solely in the party having the legal title, in exclusion of the mere equitable interest. 1 Chitty Pl., 2; *Sanford* v. *Nichols*, 14 Conn., 324; *Treat* v. *Stanton*, id., 445; *Smith, Trustee*, v. *Chapell*, 31 id., 589.

The joinder of the wife therefore with the husband in this suit was a fatal misjoinder. *Gaylord* v. *Payne*, 4 Conn., 190; *Johnson* v. *Huntington*, 13 id., 47; *Pettibone* v. *Phelps*, id., 445.

But it is said that the statute of 1873 allows the joinder of husband and wife in cases like the present one. The second section of that act is certainly a very peculiar one; but whatever may be its meaning, or to whatever cases it may apply, we are satisfied that it was never intended to apply to cases pending when it was passed. It makes no provision for such cases, but on the contrary its language is prospective. If the section had intended to apply to existing actions, it would have prescribed some mode for citing in the wife as a party plaintiff or defendant, if she should not voluntarily appear to prosecute or defend the suit.

There is no error in the judgment complained of.

In this opinion the other judges concurred.