CONSTANTINA BERGKOFSKI *vs.* ANTON RUZOFSKI.

First Judicial District, Hartford, October Term, 1901.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The right to appeal from a City Court to the Superior Court, given by a municipal charter, does not prevent an appeal on questions of law from such City Court directly to this court. The defeated party may appeal to either court, but cannot appeal to both from the same judgment of the City Court; nor, having appealed to this court, can he thereafter appeal to the Superior Court from a judgment of the City Court which is rendered pursuant to the decision of this court.

Section 957 of the General Statutes prescribes that no defendant in a civil action, while at large on bail given to the officer, shall be allowed to appear and plead until he has given special bail to abide the final judgment in the case, if such bail shall be required by the plaintiff. *Held* that the statute applied as well to an appearance to plead in abatement, as to a demurrer or answer to the merits; and therefore the trial court erred in allowing the defendant to appear by counsel and to plead in abatement, without first giving special bail as requested by the plaintiff.

Submitted on briefs October 3d—decided December 20th, 1901.

ACTION to recover $400 damages for slander, brought to the City Court of New Britain where the defendant filed a plea in abatement for defective service, which the court, *Burr, J.,* sustained and dismissed the case, and the plaintiff appealed for alleged errors in the rulings of the court. *Error and cause remanded.*

In this court the defendant filed a motion to dismiss the appeal for lack of jurisdiction. *Motion denied.*

Before the return day in the City Court, the plaintiff filed a written motion for special bail, and on the return day objected to the filing by the defendant of a plea in abatement for defective service, until special bail should be given. The court ruled that the defendant was not required to furnish special bail until after judgment upon the plea in abatement, and permitted the defendant, without having furnished special bail, to appear by counsel and to plead in abatement the

fact that there were only eleven days between the date of the service of the copy upon the defendant and the return day, and the court afterwards sustained said plea and dismissed the action. The action of the court in permitting the defendant to appear and plead, without first having given special bail, is one of the reasons of appeal assigned.

The plaintiff having appealed directly to this court from judgment of the City Court, the defendant filed in this court a motion to dismiss the appeal, upon the ground that the plaintiff, having had the right of appeal to the Superior Court from said judgment, was not entitled by law to appeal from said judgment to this court.

*George W. Klett,* for the appellee (defendant), in support of the motion to dismiss.

*William F. Delaney,* for the appellant (plaintiff), in opposition to the motion.

HALL, J. The charter of the city of New Britain provides that in all cases in which the matter in demand shall exceed the sum of $300, an appeal from any final judgment rendered in its City Court "shall be had and allowed to either party . . . to the next Superior Court of the county of Hartford." Special Acts of 1895, p. 370.

Apparently the purpose of this provision was to permit an appeal to the Superior Court in a limited class of cases only, namely, those in which the matter in demand exceeded $300, without any reference to the right of appeal to the Supreme Court of Errors, either in such cases or in those in which the matter in demand was less than $300. As, confessedly, the plaintiff might have appealed to this court from the judgment rendered, had the matter in demand not exceeded $300, there seems to be no good reason why, because the matter in demand exceeds $300, she should not be permitted to appeal directly to this court to obtain a review of a question of law, but that for that purpose should be compelled to appeal to the Superior Court.

But we think the Act of 1897, passed two years after the charter of the city of New Britain was granted, should control upon the question of the plaintiff's right to appeal to the Supreme Court, and that by the clear language of that Act the plaintiff was given the right to take the appeal in question directly to this court.

Section 1 of that Act provides that "writs of error for errors in matters of law only may be brought from the judgments of the Superior Court, Court of Common Pleas, and any City Court, to the Supreme Court of Errors;" and § 2 of the same Act provides that "upon the trial of all matters of fact in any cause or action in the Superior Court, Court of Common Pleas, District Court, or any City Court, whether to the court or jury, if either party thinks himself aggrieved by the decision of the court upon any question or questions of law arising in the trial, he may appeal from the judgment of the court in such cause or action . . . to the Supreme Court of Errors."

The law permitted the plaintiff in the present case to take her appeal either to the Superior Court or to this court, but not to both. An appeal to either of said courts would prevent an appeal to the other from the same judgment of the City Court. An appeal directly to this court would prevent a subsequent appeal from a judgment of the City Court rendered in accordance with the decision or judgment of this court, but would not prevent an appeal to either the Superior or to the Supreme Court from a judgment rendered in the City Court upon a new trial granted by this court. The motion to dismiss the appeal is denied.

The City Court erred in permitting the defendant to appear by counsel and plead in abatement without having first given special bail.

The condition of the bail-bond to the officer is performed by the appearance of the defendant; and the acceptance by the plaintiff of a plea constitutes such an appearance. "The plea, if accepted, waives all right to special bail, or to an imprisonment of the defendant's body. Of consequence, the plaintiff must see that special bail is given before he accepts

a plea; or that the defendant (if delivered up) is committed to prison. When he is committed he may plead by attorney or personally." *Hubbard* v. *Shaler*, 2 Day, 195, 199; *Halsey* v. *Fanning*, 2 Root, 101.

The defendant had not surrendered himself, nor had he been delivered up in court in discharge of his bail, and the plaintiff's motion, made in due season for special bail before plea, should have been granted. 1 Swift's Dig. 596.

·The statute seems to be sufficiently explicit as to the rights of the parties and the duty of the court upon the facts of record. Section 957 of the General Statutes provides that "no defendant who has so given bail shall, while at large on bail, be admitted to appear and plead or defend, in such action, until he has in said court, or before its clerk either in term time or in vacation, given special bail, with sufficient surety as aforesaid, for his abiding final judgment in the cause, if the plaintiff require the same."

In denying the plaintiff's motion for special bail, and in entertaining the plea in abatement and rendering a judgment upon it, the court admitted the defendant to appear, plead and defend, contrary to the express prohibition of the statute. The judgment file shows a regular appearance of the parties to the action. The statute makes no distinction between an appearance for the purpose of pleading in abatement, and for the purpose of demurring or pleading to the merits. A plea in abatement is a defense to a pending action, and is properly so termed. Bliss on Code Pleading, § 345; Practice Act, § 1. By the common-law rules of pleading, matter which may be pleaded in bar may in certain cases be also taken advantage of by plea in abatement.

It cannot be said that the plaintiff was not injured by the action of the court. The matter pleaded did not affect the jurisdiction of the court, and had the defendant not been permitted to plead it in abatement before giving special bail, the plaintiff might possibly have obtained a valid judgment in her favor instead of having her action dismissed with a judgment against her for costs.

It is unnecessary to discuss the other reasons of appeal.

There is error and the case is remanded to the City Court to be proceeded with according to law.

In this opinion the other judges concurred.