GEORGE L. LILLEY ET AL. vs. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY ET AL.

Third Judicial District, New Haven, January Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Under General Statutes, § 539, any party aggrieved by a final judgment or decree of the District Court of Waterbury, in a case tried to the court and involving more than $1,000, may appeal to the Superior Court; while under § 788 an appeal from such judgment may be taken to the Supreme Court of Errors. *Held* that the effect of the two appeals was radically different; that the appeal to the Superior Court—which was taken in the present case by the plaintiffs— vacated the judgment and transferred the case to the Superior Court for trial *de novo*, and left nothing in the District Court which could form the basis for an appeal by the defendants to this court; and therefore the plaintiffs' motion to erase the latter appeal from the docket of this court must be granted.

Argued January 28th—decided March 3d, 1904.

SUIT for an injunction to restrain the defendants from stopping and leaving cars on a spur track in front of the plaintiffs' platform, except for the purpose of loading or unloading their merchandise, and for $5,000 damages, brought to the District Court of Waterbury and referred to a committee who found and reported the facts ; the court, *Cowell, J.*, accepted the report and rendered judgment awarding the plaintiffs an injunction and $1 damages. From this judgment the plaintiffs, on November 20th, 1903, appealed

to the Superior Court, and on the following day the defendants filed their appeal to this court.

To the latter appeal the plaintiffs filed a plea in abatement and motion to erase. *Motion to erase granted.*

*Lucien F. Burpee* and *Terrence F. Carmody*, for the plaintiffs.

*Henry Stoddard* and *Nathaniel R. Bronson*, for the defendants.

TORRANCE, C. J. In the District Court the plaintiffs in this action claimed a permanent injunction and $5,000 damages. The court gave judgment for a permanent injunction and $1 damages. From this judgement the plaintiffs appealed to the Superior Court, and afterwards the defendants appealed to this court. The appeal to the Superior Court was perfected and allowed on the 20th of November, 1903, and the appeal to this court was perfected and allowed on the day following.

From a judgment of the District Court of Waterbury, in a case like the present, either party aggrieved thereby may appeal to the Superior Court, under the provisions of § 539 of the General Statutes; *Waterbury Blank Book Mfg. Co.* v. *Hurlburt*, 73 Conn. 715; while under the provisions of § 788, such aggrieved party may appeal to the Supreme Court of Errors. The effect of the two appeals is radically different. The effect of the appeal to the Superior Court is to vacate the judgment appealed from, to take the case out of the District Court, and to transfer it to the Superior Court for a trial *de novo*, just as if it had been originally brought to that court. *Matz* v. *Arick*, 76 Conn. 388. The other appeal has no such effect. It is brought only to have reviewed the errors of law, if any, made by the trial court. It does not vacate the judgment appealed from, nor remove the cause to some other court for a trial *de novo*, nor entitle the appellant to such trial in any court. It follows from this, that as soon as the appeal to the Superior Court in

this case was perfected and allowed on the 20th of November, 1903, the judgment of the District Court was vacated and the case was no longer pending in that court, but was pending in the Superior Court; *Huntington* v. *McMahon*, 48 Conn. 174, 195; and it further follows, that when on the following day the appeal to this court was perfected and allowed, the judgment from which the defendants attempted to appeal did not exist, and the claimed errors of the District Court in the trial of the case no longer existed for purposes of review in this court.

Where one statute gave a party aggrieved by the judgment of a City Court the right of appeal to the Supreme Court of Errors, and another statute gave him the right of appeal from the same judgment to. the Superior Court, this court said that he could not exercise both rights, substantially on the ground that as they were practically inconsistent with each other, the exercise of one was a waiver of the other. *Bergkofski* v. *Ruzofski*, 74 Conn. 204, 206.

In cases like the one at bar, where one party has exercised his right of appeal to the Superior Court, the right of the other afterwards to appeal to this court does not exist; for only in this way can the two statutes giving the right of appeal be harmonized.

The motion to dismiss is granted and the appeal is dismissed.

In this opinion the other judges concurred.