ANNA LIPINSKY v. SAMUEL GILLERMAN

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NO. 72739

Memorandum filed June 22, 1949

*Robert J. Woodruff,* of New Haven, for the Plaintiff.

*T. Holmes Bracken,* of New Haven, for the Defendant.

KING, J. This is a motion for special bail under the provisions of General Statutes, § 8062. The action was returnable to the first Tuesday of June, 1949, and was founded on a breach of contract to marry. An attachment of the body was made and a bond for appearance before the court was voluntarily given under the provisions of § 8061. The defendant has appeared by attorney but has filed no pleading.

The defendant makes two main claims: (1) That the attachment of the body was erroneous on its face in that the officer's return shows neither a demand on the defendant, nor a search, for real or personal property prior to the arrest of the body; (2) That in any event the present motion is premature since the special bail is required under General Statutes § 8062 in order to appear and plead and not for a mere appearance only. The claim that the motion is premature is based on the fact that the motion was filed before the expiration of the time allowed by Practice Book § 86 in which to file a pleading and before there was any attempt to file a pleading.

The action here is in the usual form for breach of a promise to marry. No other cause of action is alleged. That it is an action founded on a promise to marry, and is in contract and not in tort, is obvious. *Clark* v. *Pendleton,* 20 Conn. 495, 506; *Waters* v. *Bristol,* 26 Conn. 398, 403.

In any type of action an attachment of the body may be made only if execution may issue on the body. § 8022. Under the provisions of § 8114, execution against the body can issue in an action in contract only in certain enumerated types of action, including, however, an action founded on a promise to marry. It follows therefore that an attachment of the body could be made in such an action as this. *Campbell* v. *Klahr,* 111 Conn. 225, 228.

The defendant claims, however, that in no event may the body of a defendant be attached unless there is a "want" of "real and personal estate" under the provisions of § § 8022 and 8023. In the case of an execution, demand must be made on the defendant for the payment of the judgment before levy of an execution. § 8097; Wheeler, Conn. Administrative Officers, § 118, p. 332. In the case of an attachment, however, no such demand is required and ordinarily the defendant is unaware of the attachment until the officer leaves with him the copy of the process showing the estate attached. § 8023.

In this case it appears that the defendant gave a bond and made no offer to turn out, nor claim that he owned, any real or personal property and made no objection to the attachment of his body. He apparently was, and still is, satisfied to secure his freedom on the bond, apparently given under § 8061. He does not even now claim that he had any real or personal property of any kind which the officer could have found or that he made any objection to the proceeding at the time. On the contrary, he remained silent. He now resists the motion for special bail under § 8062 under the claim that the return shows no search by the officer for real or personal property prior to the attachment of the body.

In the absence of any offer to turn out property, or claim that he had or has any, under § 8042 or otherwise, the defendant cannot resist this motion on the grounds stated. See *Scott* v. *Crane,* 1 Conn. 255, 259. The reason for this is that the rule of law requiring the officer to search for property before a levy of an attachment on the body of the defendant was for the benefit of the plaintiff in order that he might the more surely have satisfaction of his judgment without the risk of a release of the defendant's body by the taking of the poor debtor's oath. Swift's Digest, p. 590. For a violation of this rule the plaintiff had an action against the officer. Ibid. It was never the law that a defendant could remain silent while his body was attached and then complain that the officer had failed to find some property or other which lay open to attachment. Conn. Civil Officer (18th Ed.) p. 560.

While the claim that the motion is premature is disposed of by the express provisions of § 29 of the Practice Book, it may not be amiss to point out that, if the defendant's claim were correct, compliance with the requirements of § 8062 in many cases would be very difficult, if not impossible. This is because

the defendant, as in this case, could appear but fail to plead. Thereupon judgment by default might be entered but there still would be no right to move for special bail since no pleading would have been filed or attempted to be filed. On the other hand, since the original bail is satisfied by an appearance, the plaintiff would be left without any remedy at all for the collection of the default judgment. *Bergkofski* v *Ruzofski,* 74 Conn. 204, 206.

For the foregoing reasons the motion should be, and is, granted.