PUBLIC GRAIN & STOCK EXCHANGE *v.* WESTERN UNION TEL. CO. and others.

(*Circuit Court, N. D. Illinois.* March 29, 1883.)

1. REMOVAL OF CAUSE—DILIGENCE ON PART OF APPLICANT—APPLICATION TOO LATE.

When, in consequence of the want of diligence on the part of an applicant for removal of a case from a state court, the issue has not been made up, or, where the right exists to have the cause heard, or set down for hearing at the first term, and he does not ask for it, he cannot afterwards be permitted to apply to the state court for the removal of the cause.

2. SAME—BOND NOT SIGNED BY APPLICANT.

Where the bond required by the third section of the act of 1875 is otherwise sufficient, it is not a valid objection that it was not signed by the party seeking to remove the case, but by a different person named therein as principal and another as surety.

Motion to Remand Cause to State Court.

*A. B. Jenks,* for plaintiff.

*Williams & Thompson,* for defendants.

DRUMMOND, J. The bill in this case was filed in the state court February 28, 1882, and, on the twenty-ninth of April following, a general demurrer to the bill was filed. The case seems to have stood in that position from that time, without any action upon the demurrer, and without any order of the court allowing it to be withdrawn, until January 29, 1883, when a general answer to the bill was filed, the effect of which was, to waive the demurrer or withdraw it from the case. The record does not show that any notice was served upon the plaintiff or its attorney of the answer which had been filed, as indicated in section 28 of chapter 22 of the Revised Statutes of this state, and no replication was filed to the answer within the four days mentioned in the section, nor at any time, in the state court. Under section 29 of chapter 22, after replication the cause is to be deemed at issue; and in default of replication, the cause may be set for hearing upon the bill and answer. No order of this kind was made, and the case stood upon the record with a bill, demurrer, and answer filed, without replication, and without any further order, until the seventeenth day of March, when an application was made to the state court for the removal of the cause to this court by petition and bond. No order was made by the state court upon the subject, but the transcript of the record has been brought into this court and filed, and a motion is now made to remand the cause to the state

court, for the reason, among others, that the application for removal was not made in time. There was a chancery term of the state court on the third Monday of each month, and therefore many terms had intervened after the filing of the demurrer before the application for removal was made. The question for determination is whether it was made at the term at which the cause could be first tried, and before the trial thereof.

Another reason urged by the counsel of the complainant, in favor of the motion to remand, is that the bond executed was not in compliance with the statute. The third section of the act of 1875 seems to require that the *party* desiring to remove a cause from the state to the federal court shall make and file a petition, and shall make and file therewith a bond, with good and sufficient surety. The bond, in this case, was not signed by the party, but was signed by another person named therein as principal, and was also signed by a different person named therein as surety. The objection taken to the bond is that it was not signed by the party. The language of the statute is that the party seeking to remove shall "*make and file*" a bond. It seems to me we ought to consider the object of the law in requiring this bond to be made and filed. It is simply for indemnity to the party—as security that there shall be entered in the circuit court of the United States, on the first day of its then next session, a copy of the record, and to pay all costs that may be awarded by the circuit court if that court shall hold that the suit was wrongfully or improperly removed. No objection is taken to the sufficiency of the bond, or to the responsibility of the principal or the surety. It will be observed that the statute does not declare that the party shall sign the bond, but only shall *make* the bond. If the suit were brought by or against an infant, and he desired to remove the cause, he would not sign the bond, but his next friend or guardian named in the suit. It is admitted that in such a case as that the infant would not make and file the bond, but that the next friend or guardian would be the party who would make and file the bond. It seems to me that where the bond is presented by the party who seeks the removal, although he may not have signed it, but it may be signed by others, that it may be said he makes and files it, because he presents it for the purpose of indemnifying the opposite party, and if it constitutes ample indemnity for that purpose, then he makes and files the bond, although technically he has not signed it. When a case is taken to the supreme court of the United States from the circuit court, on appeal or writ of error, it has never been supposed necessary that

the party, although required to give the security, should sign the bond; but it has been considered sufficient provided a proper bond of indemnity is given by other persons.   I think, therefore, that the objection taken to the bond is untenable, and constitutes no sufficient reason to remand the cause to the state court.

The other reason seems to me to be sound,—namely, that the application for removal was not made in time.   The cause could have been tried, within the meaning of the statute, before the seventeenth day of March, when the petition and bond for removal were filed in the state court.   It seems clear that the object of the statute was to require reasonable diligence on the part of the applicant for removal, and not to allow the case to stand in the state court beyond the first term when it could have been heard.   Now, in this case, a general demurrer was filed, which stood from April 29, 1882, until January 29, 1883, when the answer was filed.   If, in consequence of the want of diligence on the part of the applicant for removal, the issue is not made up, or if, having a right to have the cause heard, or set down for hearing, he does not ask for it, and therefore it is not heard, it would seem reasonable to hold that at another term he should not be permitted to apply to the state court for the removal of the cause. If, under the statute of this state, he had given notice that the answer was filed, and no replication had been filed by plaintiff within the four days mentioned in the statute, then he would have had the right to set the cause down for hearing upon the bill and answer.   Having failed to do this, it may be said to have been the fault of the defendant that the case was not heard prior to March 17th, or that the case was not before that time triable, and therefore it would seem that, having waited so long before the application for removal was made, it can hardly be said that it was at the term at which the cause could be first tried, and before the trial thereof, and therefore the case will be remanded to the state court.   *Kerting* v. *Amer. Oleograph Co.* 10 FED. REP. 17; *Aldrich* v. *Crouch,* Id. 305; *Murray* v. *Holden,* 2 FED. REP. 740; *Scott* v. *Clinton & S. R. Co.* 6 Biss. 529.

See *Aldrich* v. *Crouch,* 10 FED. REP. 305, and note 507; *Phœnix Mut. L. Ins. Co.* v. *Walrath, ante,* 161.