NATIONAL BANK OF CLINTON, IOWA, *v.* DORSET PIPE & PAVING Co.

*(Circuit Court, N. D. Illinois.* January 17, 1884.)

1. REMOVAL OF CAUSE—DILIGENCE OF APPLICANT.
   The law requires diligence on the part of the applicant for removal. He cannot remain passive, and then, after the lapse of several terms of the state court, make an application for removal.
2. SAME—MATTERS NOT IN THE RECORD.
   Court cannot take judicial notice of matters that do not appear in the record.

On Removal from the Superior Court of Cook County.

DRUMMOND, J. This is a suit commenced in the superior court of Cook county, Illinois, in July last. The declaration was filed on the twenty-fourth of July, and on August 8th the defendant filed a plea of the general issue and three special pleas. No steps seem to have been taken in the case on either side until the thirtieth day of November last, when a demurrer was filed to the third special plea, and on December 1st this demurrer was sustained.

There are two facts assumed by the counsel, of neither of which, I think, the court can take judicial notice, as they do not appear in the record. The first is that the case was put upon the calendar in October; the second is that there was no court held at a particular time, or, rather, that there was a vacation. Neither of these statements is verified by the record, and I do not think I can take judicial notice of either fact. On December 6th the third special plea was amended, and on the 15th a demurrer to the special plea, as amended, was sustained.

By the law of this state there is a term of the superior court of Cook county on the first Monday of each month. The declaration was filed in July and the pleas were filed on August 8th. There was, then, so far as I can judge, the August term, the September term, the October term, and the November term. It does not appear that any issue was made on the other special pleas, either of law or fact, and it does not appear that the defendant made any application, after the filing of the pleas on the eighth of August, requiring the plaintiff to reply or take issue on the other pleas; and the question is whether the bond and petition which were filed on the twenty-fourth of December were filed in due time, under the act of 1875, so as to authorize the removal of the cause, and I am of the opinion that they were not filed in time. In order to reach this conclusion we have to hold that it is not competent for the party who makes the application for removal to remain passive after a certain act has been done by the other party; namely, when the pleas were filed it was not competent for the defendant to say—"provided the plaintiff takes no step, makes no motion in the case—I will not make any motion; I will let the matter rest indefinitely, always reserving my right,

whenever the time comes, no matter how far it may extend, and an issue is made up, to make the application for the removal of the cause."

I decided in the case of *Public Grain & Stock Exchange* v. *Western Union Telegraph Co.* 11 Biss. 568, S. C. 16 Fed. Rep. 289, that the law required the exercise of diligence on the part of the applicant for removal; that it was not competent for him to lie still; or, if he had the right under the law or practice of the court to take certain steps in order to bring the case to an issue, that it was his duty to take them; and that he could not lie by and decline to act,—remain passive, in other words,—and then, after the lapse of several terms, make an application for removal. I am satisfied of the correctness of that decision, and must hold it to be the law until it is overruled by the supreme court of the United States.

On the other side, there has been cited also a decision made by me, (*Scott* v. *Clinton & S. Ry. Co.* 6 Biss. 529,) where, although a term had elapsed after the commencement of the suit before the issue was made up, I held that the party was not prevented from making the application on that account; but that case is put expressly on the ground that it did not appear that the applicant had been guilty of any negligence, and therefore he was in time.

Now, in this case, I cannot say that the applicant was not guilty of any negligence. It will be recollected that the question is not whether the case could have been tried absolutely, but only whether the case was triable; whether by any possibility it could have been tried. For instance, it might happen that the court, owing to the pressure of other business, could not try the case; but that is not a sufficient reason to authorize the applicant to make the removal after the lapse of the term. So that the true question is whether the case was in a position where it could have been tried, or could have been placed in that position by the exercise of reasonable diligence. Now, I cannot say but that this case could have been in a position where it could have been tried, provided the defendant had exercised reasonable diligence. It could have asked the plaintiff to reply to the plea; that is, to make an issue, either of law or fact. The plaintiff did make an issue of law on one of the pleas. The defendant did not ask that anything should be done as to the other pleas. That issue of law was decided against the defendant. Then the plea was amended and demurrer interposed, and that issue of law was decided against the defendant. Just observe what is the effect of exercising such great liberality as it is claimed by the defendant should be exercised in this case, so as to authorize a removal. It may be that the whole case turns on a question of law. The defendant goes on, so to speak, experimenting with the state court; makes an issue with the plaintiff on one of the pleas: that is decided against him; it makes another: that is decided against him. It may be that that is substantially the whole issue between the parties. Having thus experimented with the

state court, and that court being against the defense which is set up, it comes to the conclusion that it will leave the state court and try the federal court, and thereupon files its bond and petition, and asks for the removal of the cause. There has been the August term, the September term, the October term, and the November term before the application was made for the removal of the cause on the twenty-fourth of December. I think it comes too late; and it seems to me that the case itself furnishes a strong reason why the court ought to require the exercise of reasonable diligence on the part of the applicant for removal, otherwise, unless, as in this case, the plaintiff sought to force the issue, the defendant might lie by indefinitely, as I before said, and then after the lapse of a dozen terms might ask for the removal of the cause. I do not think that was the meaning of the act of 1875, therefore I shall remand this cause.