### STEVENS *v.* RICHARDSON and others.

*(Circuit Court, S. D. New York.   October 31, 1881.)*

1. REMOVAL OF CAUSES—ACT OF 1875, § 2.

   Where the plaintiff, in a suit commenced in a state court, has united controversies between herself and citizens of the same state, with others, which can be fully determined as between the parties to them, between herself and citizens of a different state, the latter may have the cause removed under section 2 of the act of 1875.

2. NOTICE—SAME.

   No notice prior to the order of removal need be given to the other party.

3. BOND—SURETIES.

   The bond need not be executed by the petitioners, but is sufficient if executed by others who are named in it as obligors; if conditioned that the petitioners shall comply with the provisions of the statute; and if it recites that the petitioners have petitioned for the removal; though the obligors are not otherwise called in the bond sureties for the petitioners.

4. VOLUNTARY APPEARANCE.

   A party does not lose the right to insist on the removal of the suit by a voluntary appearance.

*John Berry,* for plaintiff.

*John E. Burrill,* for defendants.

BLATCHFORD, C. J.   This suit was brought in the supreme court of New York, and has been removed into this court by the defendants Richardson and Stevens, as citizens of Massachusetts, the other

defendants being citizens of New York. The plaintiff is a citizen of New York, and moves to remand the cause. The removal, if made, must be made under section 2 of the act of March 3, 1875, (18 St. at Large, 470.) The only pleading put in in the state court, before the removal, was the complaint. The controversies set out therein are not varied by the petition for removal or by anything now before this court. Stevens and Richardson are trustees for the plaintiff under the will of Paran Stevens. Stevens and Melcher and the plaintiff are executors of said will. Stanfield is lessee of an apartment house in New York, which is part of the trust property under a lease thereof made to him by Stevens and Richardson as such trustees, by the terms of which the rent he is to pay is to be paid by him to them. The complaint alleges that a valid agreement exists between the plaintiff and said trustees that said rent should and shall be paid directly by Stanfield to the plaintiff at New York, and that they insist on having Stanfield pay it to them, and that he refuses to pay it to her.

In addition to alleging a violation of said agreement by said trustees, the complaint alleges that the trustees have wrongfully retained from the rent paid to them moneys claimed to have been paid by them for expenses of suits brought by them against Stanfield to compel him to pay the rent to them, and moneys for commissions, and have refused to pay over to the plaintiff the whole amount of moneys so received from Stanfield, and have wholly failed in the performance of their duties as trustees, and reside in Massachusetts, and have no property in the state of New York, and are of but little pecuniary responsibility, and the plaintiff has suffered great loss and been put to great expense in her efforts to protect herself against the wrongful acts of said trustees. There is other property besides said apartment house held by said trustees under said trust. Founded on the above allegations the complaint prays:

(1) That the trustees be enjoined from collecting from Stanfield the rent of the apartment house, and from receiving and disposing of any moneys as trustees of the plaintiff, and from doing any act as such trustees; (2) that they be required to account as such trustees; (3) that they be removed as such trustees; (4) that some other and competent person or persons be appointed trustee or trustees in their place; (5) that they pay to the plaintiff such damages as she has sustained by their wrongful acts.

Certainly, in the matters which are the subject of those five prayers, there are controversies which are wholly between the plaintiff on the one side and the trustees on the other side. Stanfield is not an

indispensable party to any of said controversies, although he may be a proper party to the suit by reason of his being lessee of the apartment house. Melcher, as executor, has no concern with any of said controversies.

But there are other matters in the complaint. The trust for the benefit of the plaintiff is one for her life, for the sum of $1,000,000. It has not been completed by the executors. It was for the executors, under the will, to put into the hands of the trustees property to that amount. That has been done only in part. The complaint prays that the executors may complete the trust fund by conveying real estate to the trustees; and that they pay to the plaintiff what may be due to her for interest on the trust fund; and that they pay to her, or for her benefit, out of the estate other moneys which she claims; and that they do not charge against her certain moneys which the estate has paid; and that they be restrained from paying to certain trustees, of certain residuary trusts created by said will, any moneys now in, or which may hereafter come into, their hands as such executors. It also prays that the rent of said apartment house, under the lease to Stanfield, be paid to the plaintiff. There is nothing in any of these allegations, which makes Melcher, as executor, a necessary party to any of the said controversies between the plaintiff and her trustees.

Those controversies, as embodied in the said five prayers in respect to the trustees, can be fully determined as between the parties actually interested in them without the presence of either Melcher or Stanfield as a party. If the suit had sought no relief but what is embodied in said five prayers, neither Melcher nor Stanfield would have been a necessary or an indispensable party to those issues. The controversies involved in those five prayers do not cease to be controversies wholly between the plaintiff on the one side and the trustees on the other, because the plaintiff has chosen to embody in her complaint distinct controversies between herself and the executors, or a controversy between herself and Stanfield. Whether there is or is not such a connection between the various transactions set out in the complaint as to make all of the defendants proper parties to the suit, and to every controversy embraced in it, at least in such a sense as to protect the complaint against a demurrer for multifariousness or misjoinder, is a question not affecting the matter of removal. If there was any fault in pleading in that respect it was the plaintiff's. On the question of removal she must abide by the case made by her complaint. The question of multifariousness or misjoinder comes

v.9,no.4—13.

up after the question of removal is settled. The latter question must be settled now upon the complaint. If, hereafter, under any different phase of the case, it should appear that the cause does not really or substantially involve a dispute or controversy within the jurisdiction of this court, it will be the duty of the court, under section 5 of the act of 1875, to remand it to the state court. The case is one directly within the decision in *Barney* v. *Latham*, 103 U. S. 205, and it must be held that the case was one for a removal of the whole of the suit by the trustees, even though Melcher or Stanfield, or both of them, may have been proper parties to the suit. There is nothing in the case of *Blake* v. *McKim*, 103 U. S. 336, which in any manner qualifies any thing decided in *Barney* v. *Latham*. In that case there was a single controversy between the plaintiff, a citizen of Massachusetts, and three executors, two of whom were citizens of Massachusetts, and one of whom was a citizen of New York, the suit being one to recover the amount of a bond executed by the testator of the defendants. The court held that the case was not removable under either of the two clauses of section 2 of the act of 1875, on the ground that all of the executors were indispensable parties to the suit, and that two of them were citizens of the same state with the plaintiff, and that the suit embraced only one indivisible controversy.

The state court made an order accepting the petition for removal and the bond filed, and ordering the removal of the suit into this court. This order was made without prior notice to the attorney for the plaintiff, and the plaintiff contends that the proceedings for removal were therefore irregular. The act of 1875 does not require any notice. The filing of the petition and bond makes it the duty of the state court to accept them and to proceed no further in the suit. In the present case the petition and the bond were filed on the twenty-seventh of July, 1881, and the court on that day accepted them without requiring any previous notice. As was said by this court in *Wehl* v. *Wald*, 17 Blatchf. 346: "If, as matter of discretion, a state court can or does require notice in any case of removal, such notice was dispensed with in this case by the state court; and, the matter being one of practice, it is for the state court to regulate its own practice, and this court will not review such a question." It has always been held in this court that no notice was necessary. *Fisk* v. *Union Pac. R. Co.* 8 Blatchf. 243, 247.

The bond for removal is not executed by Stevens and Richardson, nor does it name them as obligors. It is executed by two other persons, who are named in it as obligors. It recites that Stevens and

Richardson have petitioned for the removal of the suit, and is conditioned that they shall do what the statute requires. The obligors are not otherwise called in the bond sureties for Stevens and Richardson. The plaintiff contends that, as section 3 of the act of 1875 says that the petitioner for removal is to "make and file" the bond, the bond is void and the removal invalid. This objection is not tenable. The statute is satisfied, as to the bond, if a bond with sufficient surety is filed. The petitioner for removal makes the bond, in the sense of the statute, if he offers it to the court as the bond required. By section 639 of the Revised Statutes he was required to offer good and sufficient surety. The act of 1875 means no more. Aside from this, a new bond, running in the name of and executed by Stevens and Richardson as principals, and the former sureties as sureties, was filed in the state court on the twenty-eighth of September, 1881, that court having made an order on the twenty-second of September that it be filed there *nunc pro tunc*, as of July 27th. A copy was filed in this court October 1st. The first day of the next term of this court, after July 27th, was October 17th. The notice of motion to remand was not served till October 3d. Nothing to affect the *status* of the suit was done in the state court from July 27th to October 1st. The objection as to the bond is overruled.

It is also objected that Stevens and Richardson voluntarily appeared in the state court without the summons being served upon either of them; that, therefore, they were not in court, and no action was pending as to them; that their voluntary appearance was a submission to the jurisdiction of the court, and a waiver of their right of removal; and that they also waived such right by obtaining in the state court an extension of their time to answer, and by giving notice of a motion in said court to dissolve a temporary injunction, which that court had granted, restraining them from collecting any rent from Stanfield, and from doing other acts as trustees. There is no force in these objections. A plaintiff, who brings his suit voluntarily, has a right to remove the cause under the same statute. The trustees were called on to appear and defend their trust by the bringing of the suit and the issuing of the injunction, and they lost no right of removal by saving to the plaintiff the trouble, expense, and delay of bringing them in compulsorily or by doing what they did.

The defendants move that the plaintiff replead in this court. It is not so entirely clear that there are causes of action at law set forth in the complaint which are so separate and distinct from the equita-

ble causes of action set forth as to make it proper now, on this motion, to compel the plaintiff to divide the suit into a suit or suits at law and a suit or suits in equity. If this is to be done at all, it should be done only as the result of pleading. The same remark applies to any questions of multifariousness or misjoinder of causes of action or of parties.

I see no sufficient ground in the papers for requiring the plaintiff at present to give additional injunction security to the trustees; and, although the notice of motion includes the giving further security to the executors, there is nothing in the moving affidavits on that subject.