NOBLE *v.* MASSACHUSETTS BEN. ASS'N.

*(Circuit Court, N. D. New York.* November 20, 1891.)

1. REMOVAL OF CAUSES—PETITION AND BOND—WHERE TO BE FILED.
   The petition and bond for the removal of a cause must be filed in the clerk's office of the county in which the venue is laid, and, if filed in another county where the court is then sitting, it does not effect a removal, though approved by the presiding judge.

2. SAME—APPROVAL BY STATE COURT.
   In view of the fact that section 3 of the removal act requires the state court to accept a sufficient petition and bond when filed, and that section 7 empowers the court to which the cause is removable to issue a writ of *certiorari* commanding the state court to return the record to it, a removal may be effected by simply filing the petition and bond, without presenting it to a judge of the state court, or in open court, for approval.

At Law. On motion to remand to the state court.
*John E. Pound,* for plaintiff.
*J. K. Hayward,* for defendant.

WALLACE, J. This is a motion by the plaintiff to remand this action to the state court from which it originated. The suit was brought in the supreme court of the state of New York, Niagara county being specified in the complaint as the place of trial. Before the expiration of the time to plead or answer to the complaint, the defendant presented a petition, accompanied by a bond properly conditioned and with good and sufficient security, at a term of the supreme court then in session in the county of Erie, and the justice presiding indorsed his acceptance upon the petition and bond. Thereupon the defendant filed the petition and bond with the clerk of the county of Erie. It is conceded by the plaintiff that the petition and bond were properly presented at the term of the court in session in Erie county; but the plaintiff insists that they should have been filed with the clerk of the county of Niagara; and the motion proceeds solely upon the ground that, because they have not been filed with the clerk of the county of Niagara, the action has not been properly removed. The clerks of the several counties of this state are clerks of the supreme court within their respective counties; and the clerk of the county of Niagara is the custodian of the records in all suits in the supreme court the venue of which is laid in that county. Section 3 of the act of March 3, 1875, as amended by the act of March 3, 1887, provides that "whenever any party entitled to remove any suit * * * may desire to remove such suit from the state court to the circuit court of the United States, he may make and file a petition in such suit in such state court, ` * * * and shall make and file therewith a bond, with good and sufficient surety," and "it shall then be the duty of said state court to accept said petition and bond, and proceed no further in such suit." The statute requires the bond to be conditioned for the entering by the removing party in such circuit court, on the first day of its then next session, of a copy of the record in such suit. Section 7 provides that if the clerk of

the state court in which any such cause shall be pending shall refuse to any party, applying to remove the same, a copy of the record therein, he shall be deemed guilty of a misdemeanor; and also provides that the circuit court to which the suit shall be removable shall have power to issue a writ of *certiorari* to said state court, commanding said state court to make return of the record in any such cause. It is manifest from these several provisions that the petition and bond which are to be filed in the suit in the state court are to be filed with the clerk of that court, who has the custody of the records in the suit, and can supply a copy of the record to the removing party, or to the circuit court, upon return to a writ of *certiorari*.

It is also apparent that, unless the petition and bond are filed by the removing party in the office of the clerk of the county of the venue, neither the opposite party nor the state court would have any formal or adequate notice of the removal of the suit, and of the consequent inability to proceed further in the state court. The statute does not require any notice of the proceeding to be given by the removing party to the adverse party, except by the filing of the petition and bond; and, in my judgment, notwithstanding recent opinions to the contrary by judges whose views are entitled to great weight, it does not require the removing party to present his petition or bond to a judge, either in vacation or in open court, but is satisfied when he files them with the official custodian of the records of the court. The statute requires him to make and file a petition and bond "in the suit" in the state court. It does not, in terms, require him to make any other presentation of them to the court; and if he moves the consideration of the court, or of a judge, upon them, his rights are not enlarged or abridged by the action of the court or judge. The statute requires the state court to "accept" the petition and bond, and "proceed no further in the suit." As is pointed out by Justice FIELD in *Wilson* v. *Telegraph Co.*, 34 Fed. Rep. 561, no order of the state court accepting them is contemplated to transfer jurisdiction of the action. As he says:

"The denial by the state court of a petition in no respect affects the jurisdiction of the circuit court of the United States, if the action is removable, and the bond offered such as the statute requires. The statute makes the removal upon the filing of the petition with the necessary bond."

If a state court declines to accept a sufficient bond, and erroneously decides it to be insufficient, the removal is effected nevertheless, and its jurisdiction ceases. *Removal Cases*, 100 U. S. 472. The state court is not prohibited from proceeding further in the suit unless the petition and bond are insufficient to entitle the application to a removal; consequently it is at liberty to decide that the petition does not show a removable cause, or is insufficient upon its face, or that the bond is insufficient. If it decides correctly, it does not lose jurisdiction, and can proceed, but its erroneous decision cannot impair the jurisdiction of the circuit court. *Crehore* v. *Railroad Co.*, 131 U. S. 243, 9 Sup. Ct. Rep. 692. Certainly it is the decorous practice for the removing party to present his petition and bond to the judge of the state court, and obtain

the formal acceptance of the court. It is also the safer practice, because he can thereby have an opportunity to obviate any remediable objections which are suggested to their sufficiency in case the court refuses to accept them. But this is not indispensable, and when they are brought to the attention of the court in the manner prescribed by the statute, by filing them in the suit, the court can proceed no further, if they are sufficient. When filed, they become a part of the record in the cause, and the court is judicially informed that its power over the cause has been suspended. *Insurance Co.* v. *Pechner*, 95 U. S. 185. Judge DRUM-MOND decided in *Osgood* v. *Railroad Co.*, 6 Biss. 340, that the bond and petition need not be filed in term-time. "They are to be filed in the suit pending in the state court; that is, with the clerk in the ordinary way in which papers are marked and filed in a suit." This, as it seems to me, is the correct view of the statute, and it is to be regretted that it has been departed from recently in some of the circuit courts. If a petition can only be presented in open court in many cases, the right to a removal will be lost, because it sometimes happens that there is no court in session during the 20 days within which, by the practice in this state, a defendant must plead or answer to the complaint. The defendant in the present case acted upon the theory that he was obliged to find an open session of the state court, and present his petition and bond to the judge presiding for approval and acceptance. There was no court in session in Niagara county, and none in the judicial district, except in Erie county. Having presented his papers to and obtained the approval of the judge presiding, he very natually handed them to the clerk of the court who was present. This slip in practice, however, cannot be cured, because the papers were not filed with the clerk of the proper court before, or even since, the expiration of the time to plead or answer to the complaint. Being filed only in the clerk's office of Erie county, the petition and bond did not become a part of the record in a suit pending in Niagara county, and such a filing did not convey notice to the adverse party or to the state court that the power to proceed further in the state court was gone. The motion is granted.