GROTON BRIDGE & MANUFACTURING CO. v. AMERICAN BRIDGE CO.

(Circuit Court, N. D. New York. May 6, 1905.)

1. FEDERAL COURTS—REMOVAL OF CAUSES—PETITION—PRESENTATION.

Under Removal Act Aug. 13, 1888, c. 866, § 3, 25 Stat. 435 [U. S. Comp. St. 1901, p. 510], requiring the party entitled to remove the cause to make and file a petition in the suit in the state court, and make and file therewith a bond, with good and sufficient surety, conditioned as named, etc., it is not necessary that the petition be presented to a judge of the state court holding or sitting in open court, or to a court in session, or that an order be made by the court permitting the filing of the petition or directing the removal; but it is sufficient if the petition is presented to a judge in chambers, with the bond, and, after approval of the bond, the petition and bond are filed with the clerk of the court of the county where the venue was laid.

2. SAME—BOND—PRESENTATION.

While a removal bond should be presented to the judge of the state court for approval of the surety, the arbitrary refusal of the judge to approve a surety will not prevent the removal, the removing party then being entitled to file the bond and petition, procure the filing of the record on removal, and proceed in the federal Circuit Court, subject to a motion to remand for insufficiency of the surety.

**3. SAME—PETITION—VERIFICATION.**

A petition for the removal of a cause to the federal court is not fatally defective for want of a verification where the ground of removal is not prejudice or local influence, or the denial of equal civil rights, and the case is not a suit or prosecution against revenue officers.

**4. SAME—SIGNING.**

Where the petitioner for the removal of a cause to the federal court signed the petition, it was not necessary that he should sign the verification, certified by the notary public as having been sworn to before him.

**5. SAME—REMOVAL BOND.**

Where a removal bond was signed by a surety, it was not defective because it was not signed by the defendant, and because the penalty thereof was limited to $500; Removal Act Aug. 13, 1888, c. 866, § 3, 25 Stat. 435 [U. S. Comp. St. 1901, p. 510], not requiring such signature, nor that the bond shall be for an unlimited penalty.

**6. SAME—RIGHT OF REMOVAL—TIME—PLEADING.**

Removal Act Aug. 13, 1888, c. 866, § 3, 25 Stat. 435 [U. S. Comp. St. 1901, p. 510], authorizes the removal of a suit from a state to a federal court on the filing of a petition in the state court at any time before defendant is required by the laws of the state or a rule of the state court to answer or plead to the declaration or complaint of the plaintiff    Code Civ. Proc. N. Y. § 487, declares that the only pleading on the part of the defendant is either a demurrer (to the complaint or reply) or an answer. *Held*, that where defendant filed a removal petition in a state court before expiration of the time within which it was entitled to file either a demurrer or answer it was in time, though the time prescribed by N. Y. Sup. Ct. Gen. Prac. Rule 22, within which he could have attacked plaintiff's pleading by motion, etc., had expired.

**7. SAME—TIME TO PLEAD—STATE COURT RULES—CONSTRUCTION.**

N. Y. Gen. Prac. Rule 24, providing that no order extending defendant's time to answer or demur shall be granted unless the party applying therefor shall present to the judge an affidavit of merits or proof that it has been filed, etc., and when time to serve the pleading has been extended by stipulation or order for twenty days no further time shall be granted by order except on two days' notice, applies only to an application to the court for an order extending the time to plead, made on affidavits, and does not prevent the extension of time to plead by stipulation without order of court.

**8. SAME.**

Where defendant was granted an extension of time to plead by stipulation as authorized by the New York Supreme Court rules, and within the time as extended defendant filed a petition and bond for removal of the cause to the Circuit Court of the United States, the proceedings for removal were in time.

**9. SAME—APPEARANCE IN STATE COURT.**

The general appearance of a defendant, entitled to remove a cause to the federal court, in the state court, did not operate as a waiver of its right to remove.

Motion to Remand Cause to the Supreme Court of the State of New York.

Jones, McKinney & Steinbrink, for the motion.

Stetson, Jennings & Russell (Chas. MacVeigh and Raynal C. Rolling, of counsel), opposed.

RAY, District Judge. This action, venue laid in Tompkins county, was commenced in the Supreme Court of the state of New York by the personal service of the summons and complaint upon

the secretary of the defendant on the 11th day of November, 1904. Jones, McKinney & Steinbrink, as attorneys for the plaintiff, brought the action. November 29, 1904, and within 20 days thereafter, the defendant appeared generally by Stetson, Jennings & Russell, its attorneys, and, before the expiration of the time given by section 520 of the Code of Civil Procedure of the state of New York to plead to the complaint had expired, obtained from the plaintiff's attorneys a written extension of time to plead to the complaint, viz.:

"Supreme Court, Tompkins County. Groton Bridge and Manufacturing Company vs. American Bridge Company. It is hereby consented that the time of defendant, American Bridge Company, to plead to the complaint herein be extended twenty days from December 1, 1904, to and including December 21, 1904.              Jones, McKinney & Steinbrink, Attorneys for Plaintiff."

December 21, 1904, plaintiff's attorneys gave to defendant's attorneys a second written extension of time to plead, which, aside from title and signature, reads as follows:

"It is hereby consented that the time of the defendant to plead to the complaint in this action be extended to and including January 10th, 1905."

December 27, 1904, the defendant, a business corporation organized under the laws of the state of New Jersey, the plaintiff being a business corporation of the state of New York, and the amount demanded, exclusive of interest and costs, being over $35,000, made its petition, duly signed by it, by Joshua A. Hatfield, the vice president of the defendant, for the removal of the suit to the Circuit Court of the United States for the Northern District of New York. Following the petition, and constituting a part of it, is the usual affidavit of verification required by the Code of Civil Procedure of the State of New York for verified pleadings, etc. This affidavit reads as follows:

"State of New York, County of New York—ss. Joshua A. Hatfield, being duly sworn, deposes and says that he is an officer, to wit, the vice president, of the American Bridge Company, the petitioner named in the foregoing petition; that he has read the same, and knows the contents thereof; and that the same is true to his own knowledge, except as to the matters therein stated upon information and belief, and as to those matters he believes it to be true.
"Sworn to before me December 27th, 1904.
"[Seal.]              James Henderson, Notary Public, Richmond County.
"Certificate filed in New York County."

It was not signed by Hatfield, but, as appears, was certified to have been sworn to by him as follows:

"Sworn to before me December 27, 1904.
                    "James Henderson, Notary Public, Richmond County.
"Certificate filed in New York County."

The petition was accompanied by a bond or undertaking in the penal sum of $500, duly signed and executed by the American Bonding Company of Baltimore, and conditioned as follows:

"Upon these conditions: American Bridge Company having petitioned the Supreme Court of the state of New York held in and for the county of Tompkins for the removal of a certain cause therein pending, wherein the said Groton Bridge & Manufacturing Company is the plaintiff and the said Ameri-

can Bridge Company is the defendant to the Circuit Court of the United States for the Northern District of New York.

"Now, if the said American Bridge Company shall enter in said Circuit Court of the United States on the first day of its next session a copy of the record in said suit, and shall well and truly pay all costs that may be awarded by said Circuit Court of the United States, if said court shall hold that said suit was wrongfully or improperly removed thereto, then this obligation to be void; otherwise to remain in full force and virtue."

The petition and this bond were presented to the judge hereafter named, and filed with the clerk as hereafter stated. This bond or undertaking was not signed by the defendant, or by any of its officers. It bears the following indorsement: .

"The within undertaking is approved as to form and as to the sufficiency of the surety.

"Dec. 28, 1904.                                  William D. Dickey, J. S. C."

William D. Dickey was one of the justices of the Supreme Court of the state of New York at this time. The petition, bond, etc., were duly filed in the office of the proper clerk of the Supreme Court of the state, the county clerk of Tompkins county, N. Y., on the 30th day of December, 1904, and a copy of the same and of the record on removal were served on the plaintiff's said attorneys on the same day. The defendant filed a copy of the record in such suit in the Circuit Court of the United States, Northern District of New York, on the first day of its next session, viz., February 14, 1905, as required by law and the condition of such bond or undertaking. The petition on removal bears no indorsement of the judge, but the bond recites that the defendant has petitioned, etc., and that bears the indorsement and approval of the judge. February 14, 1905, the plaintiff moved to remand. The plaintiff concedes and says in his brief on this motion:

"On December 28, 1904, it [defendant] presented to Mr. Justice William D. Dickey, then sitting in chambers, at Brooklyn, Kings county, in the Second Judicial District, the undertaking by a surety company, subsequently filed in this proceeding."

The county of Tompkins, in which the venue of this action was laid in the Supreme Court, is in the Sixth Judicial District. The plaintiff's counsel also says in his brief:

"Mr. Justice William D. Dickey is a justice of the Supreme Court in and for the Second Judicial District. On December 28, 1904, he was sitting in Kings county, in that judicial district."

The plaintiff appears in this court specially for the purposes of this motion only. It bases its motion to remand on five alleged grounds, viz.: (1) Because the petition for removal and alleged bond were never presented to the state court. (2) Because no bond whatever has been filed by the defendant; that is, the one filed is not a bond satisfying the removal act, because not signed by the defendant. (3) Because the liability on the bond filed (if it is a bond) is limited to $500. (4) Because the defendant elected to submit itself to the jurisdiction of the state court at the time when it was required to plead in that court to the jurisdiction or in abatement by entering a formal voluntary appearance and thereafter pro-

curing extensions of time to plead—that is, time to demur or answer on the merits—in the state court. (5) Because the time of the defendant to remove the cause to the state court had expired prior to the filing of the petition and alleged bond.

The removal act, first part of section 3 of the act of August 13, 1888, c. 866, 25 Stat. 435 [U. S. Comp. St. 1901, p. 510], provides:

"That whenever any party entitled to remove any suit * * * may desire to remove such suit from a state court to the Circuit Court of the United States, he may make and file a petition in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the Circuit Court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such Circuit Court, on the first day of its then next session, a copy of the record in such suit, and for paying all costs that may be awarded by the said Circuit Court if said court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein. It shall then be the duty of the state court to accept said petition and bond, and proceed no further in such suit; and the said copy being entered as aforesaid in said Circuit Court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said Circuit Court."

As to the first objection—that the petition and alleged undertaking were never presented to the state court—it clearly and sufficiently appears that the petition and undertaking were presented to the state court. The plaintiff admits in his brief, as we have seen, that Judge Dickey was sitting in chambers when he approved the bond or undertaking; and, as the bond recites that the defendant had petitioned for a removal of the cause to the Circuit Court of the United States, and as the bond was given and its approval sought as a necessary step in such removal, the fair presumption is that both the petition and undertaking were before the judge when he indorsed his approval on the bond. A judge sitting in chambers constitutes a court when doing ex parte business certainly, and a presentation of a petition and bond for removal to a judge of the Supreme Court sitting in chambers must be sufficient within the intent and meaning of the removal act. Were it otherwise it would be within the power of parties bringing actions in the state court to defeat removal entirely. It frequently happens that during the month of August the Supreme Court of the state of New York has no regular appointed term or adjourned term of the court running. However, judges may be found in some parts of the state sitting in chambers. Should a suit be brought at such time in the state court (one removable to the Circuit Court of the United States), and should the defendant be unable to secure an extension of time to answer either by a stipulation or order, can it be possible that the right of removal is lost because the petition and bond has not been presented to the Supreme Court, when in fact presented to a judge of the Supreme Court sitting in chambers, and the bond is approved by such judge, and the petition and bond are then filed in the Supreme Court; that is, with the clerk of the Supreme Court

in the county where the venue of the action was laid? All that the removal act requires is that the party entitled to remove the cause shall make and file a petition in such suit in such state court, and make and file therewith a bond with good and sufficient surety conditioned as named. It is. not required that the petition be presented to any judge or to a court in session, or that an order be made by the court permitting the filing of the petition or directing the removal. · But if the proper construction of the statute is that the petition and bond must first be presented to the court before they are filed in the court, it is clear that they have been presented to the court and in the court when presented to a judge of the court sitting in chambers, for a judge of the Supreme Court sitting in chambers is authorized to grant ex parte orders and transact any business not requiring notice to the other party. No notice to the other party is required in these removal proceedings. And it is settled that "the presenting of the petition to a judge in chambers and the filing of it in the state court satisfies the statute." Remington v. Central Pac. R. Co. (U. S. S. C., not yet reported, but decided April 17, 1905, No. 460) 25 Sup. Ct. 577, 49 L. Ed. —; Noble v. M. B. Ass'n (C. C.) 48 Fed. 337; Loop v. Winter's Est. (C. C.) 115 Fed. 362. If the petition filed makes a proper case, and the bond is sufficient and in accordance with the·statute, the cause is removed from the state court to the Circuit Court of the United States when such petition and bond are filed in the state court, even if that court makes an order refusing the application for removal. Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870. In that case Mrs. Marshall filed a petition accompanied by a proper bond for the removal of her suit from the state court into the Circuit Court of the United States upon the grounds that she was a citizen of New York and the defendants, respectively, were citizens of Mississippi and Louisiana, and that the controversy was wholly between citizens of different states, and that it could be fully tried. and determined between them. The state court made an order refusing the application for removal. The Supreme Court of the United States held and decided:

"Upon the filing of a proper petition and bond for the removal of a cause pending in a state court, such cause, if removable under the act of Congress, is, in law, removed so as to be docketed in the Circuit Court of the United States, notwithstanding the state court may refuse to recognize the right of removal."

In the opinion, Justice Harlan, speaking for the court, said:

"After the filing of the petition for removal, accompanied by a sufficient bond, and alleging that the controversy was wholly between citizens of different states, the state court was without authority to proceed further if the suit, in its nature, is one of which the Circuit Court of the United States could rightfully take jurisdiction. If, under the act of Congress, the cause was removable, then, upon the filing of the above petition and bond it was in law removed so as to be docketed in that court, notwithstanding the order of the state court refusing to recognize the right of removal."

It is not questioned that on the approval of the bond by a judge of the state court sitting in chambers both the petition and bond

were filed with the clerk of the court; that is, with the county clerk of the county of Tompkins, N. Y., who, by the Constitution of the state of New York (article 6, § 19), is made the clerk of the Supreme Court in the county of Tompkins. The filing of these papers with the clerk of the court was clearly a filing in and with the court. To hold otherwise would be to hold that papers cannot be filed in the Supreme Court only when the Supreme Court is in session in the county where the filing is required to be made. In Tompkins county a term of the Supreme Court is held but three or four times in the course of a year, and these sessions last from two to three weeks, so that at least eight months in the year the Supreme Court is not in session in Tompkins county, and hence, under the construction of the statute claimed by the plaintiff, it would be impossible to make and file a petition in a removable cause in the state court, venue laid in the county of Tompkins, for about eight months in the year. In this case the bond and petition were filed December 30, 1904, and on the 5th day of January, 1905, a copy of the record on removal, including such petition and bond, was served on the plaintiff's attorneys, and the record on removal so shows. See, on this subject, Fisk v. Union Pacific R. Co., 9 Fed. Cas. 149, 6 Blatchf. 362. These cases were under a prior statute, but the statute was substantially that of the act as it now reads. See, also, Removal Cases, 100 U. S. 457, 25 L. Ed. 593; U. S. Supreme Court Practice, May, page 203.

Of course, a bond or undertaking should be presented to a judge of the Supreme Court, and approval of the sufficiency of the surety obtained. But should the court arbitrarily refuse to approve a surety, it cannot be doubted that the removing party would have the right to file the bond and petition, procure the filing of the record on removal, and proceed in the Circuit Court of the United States. The remedy of the plaintiff in such a case would be to move to remand and show the insufficiency of the surety, and that the judge of the state court was justified in refusing to approve the bond.

But the whole question is met in other ways. It does not appear that Judge Dickey was not sitting in special term of the Supreme Court when the petition and bond were presented, and it does not appear that the petition was not presented in open court. The affidavit of Paul Eugene Jones, on which this motion to remand is based, raises and refers only to the question of the sufficiency of the stipulations extending the time to plead to extend the time to file the petition and bond on removal. The affidavit of P. A. Nolan filed in opposition to this motion explicitly states that he presented the petition and bond in open court December 28, 1904, Justice Dickey presiding, and that such bond was then and there approved. He says the court was in session in special term.

On the argument it was urged that the petition was insufficient because not properly verified—that the affidavit of verification was not signed by the affiant. The answer to this is twofold. In such a case as this the petition is not required by the statute to be verified. Therefore verification is unnecessary. Hughes' Federal Prac-

tice, 323. Where the ground of removal is prejudice or local influence, or the denial of equal civil rights, or the case is one for the removal of suits, and prosecutions against revenue officers, the statute requires that the petition be verified. But even if. the petition should be sworn to by the one signing it, that was done in this case. Bonnell v. Griswold et al., 80 N. Y. 133. There the law required that the report be "verified by the oath" of a certain person. The report was signed, and it was certified as follows: "Sworn to before me this 13th day of January, 1870. Chas. W. Anderson, Notary Public, N. Y. County." Held sufficient, and that the makers of the report could be punished for perjury if the report was false. Here the petition is signed, and the oath taken is certified to have been taken by an officer authorized to take and certify to oaths. See, also, Haff v. Spicer, 3 Caines, 190; Jackson v. Virgil, 3 Johns. 540; Millius v. Shafer, 3 Denio, 60; People v. Campbell, 88 Hun, 544, 34 N. Y. Supp. 801. In People v. Campbell, supra, a petition was made to the Comptroller of the State, and signed by the petitioner. He did not sign the affidavit of verification following, but same was certified by a notary public as having been sworn to before him. Held "that, Campbell having signed the petition and being named in the affidavit of verification, it was not necessary for him to sign the verification."

The second and third grounds of the motion to remand will be considered together. They relate to the sufficiency of the bond filed. This bond says: "Know all men by these presents, that the American Bonding Company of Baltimore [describing its office and place of business in the city of New York, N. Y.] is held and firmly bound unto Groton Bridge and Manufacturing Company in the penal sum of five hundred dollars for the payment whereof well and truly to be made unto the said Groton Bridge and Manufacturing Company, its representatives and assigns, it binds itself, its representatives, successors and assigns, firmly by these presents." Then follow the conditions before given. Then, "In witness whereof," etc., the signature and attestation, and all the other formalities required. This is clearly a bond, but it is not signed by the defendant, and the liability of the bonding company is limited to $500. These are the objections presented. The removal act does not in terms require that the bond be signed by the removing party. He is to make and file with the petition a bond with good and sufficient surety. It was held that it is unnecessary for the removing party to sign the bond under section 3 of the act of 1875, 18 Stat. 471, c. 137. Stevens v. Richardson (C. C.) 9 Fed. 191; P. G. & S. Exc. v. W. U. Tel. Co. (C. C.) 16 Fed. 289; People's Bank of G. v. Ætna L. Ins. Co. (C. C.) 53 Fed. 161. In Stevens v. Richardson, supra, Blatchford, J., said:

"The plaintiff contends that, as section 3 of the act of 1875 says that the petitioner for removal is, to 'make and file' the bond, the bond is void and the removal invalid. This objection is not tenable. The statute is satisfied, as to the bond, if a bond with sufficient surety is filed. The petitioner for removal makes the bond, in the sense of the statute, if he offers it to the court as the bond required. By section 639 of the Revised Statutes he was required to offer good and sufficient surety. The act of 1875 means no more."

The other cases cited, one in the Northern District of Illinois and the other in the District of South Carolina, hold the same.

The objection that the bond names a penal sum is equally untenable. It is true that the statute says nothing of a penal sum, but that the bond is to be "for his or their entering in such Circuit Court, on the first day of its then next session, a copy of the record in such suit, and for paying all costs that may be awarded by the said Circuit Court if said court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein." It has been held more than once that it is proper to insert a penal sum in the bond, and the forms prescribed by writers are uniform in inserting a penal sum. Com. of Kentucky v. Louisville Bridge Co. (C. C.) 42 Fed. 242; Johnson v. F. C. Austin Mfg. Co. (C. C.) 76 Fed. 616; Foster's Fed. Practice (3d Ed.) p. 931, § 385b; Desty's Federal Proc. (Tebbs, 1899) p. 808; Field, Fed. Courts, 767; Bump's Fed. Proc. 909; Hughes' Fed. Proc. 332. Foster says, "The bond should name a specific sum as the penalty." Clearly, this bond will cover all costs and damages that, in any event, can be awarded. The record on removal has been filed, and in this case no special bail is required. The bond was accepted by the state court, and this court deems it ample.

In Commonwealth of Kentucky v. Louisville Bridge Co., supra, the court said, page 242:

"The bonds which were executed by the defendants and accepted by the state court are each in the penalty of $500, and are in conformity with the provisions of the statute in every respect, unless a penalty is improper. It is claimed that the third section of the act of March 3, 1875 [18 Stat. 471, c. 137], as amended by the act of March 3, 1887 [24 Stat. 552, c. 373], provides for a bond unlimited in extent, and one not to be limited by a fixed penalty, and therefore these bonds are fatally defective, and, as the execution of a proper bond is jurisdictional, this case should be remanded for that reason. Whether the execution of a valid and proper bond under this act and the act of March 3, 1875, is jurisdictional, has been much discussed; and the Circuit Courts have differed in opinion. See Burdick v. Hale, 7 Biss. 96, Fed. Cas. No. 2,147; Torrey v. Locomotive Works, 14 Blatchf. 269, Fed. Cas. No. 14,105; Deford v. Mehaffy (C. C.) 13 Fed. 481; Harris v. Railroad Co. (C. C.) 18 Fed. 833. But that question does not arise in this case, as I think the bonds which were executed by defendants, and accepted by the state court, are valid bonds to the extent of the penalty, and the penalties are sufficient to cover the cost likely to accrue in this case. It may be that a bond without a penalty would be good under the statute; but the act does not prohibit a bond with a penalty, although it does prescribe the obligations under which the obligor must come. I therefore think the state court properly accepted these bonds with a penalty, as the obligations conformed to the provisions of the act. Both Field and Bump give forms of removal bonds with a penalty. See Field, Fed. Courts, 767; Bump, Fed. Proc. 909."

In Hughes' Fed. Proc. p. 332, the author says:

"It will be observed that the statute does not name any fixed amount as a penalty. There is some difference of opinion among the courts whether a bond should name a penalty or not. It would seem to be the correct practice to name a penalty, but the penalty named should be sufficiently large to cover all possible costs in the event of a remand; and, if it is, the better opinion is that the bond would be in proper form."

In Overman Wheel Co. et al. v. Pope Mfg. Co. (C. C.) 46 Fed. 577, it was held, following the authority of Ayers v. Watson, 113 U. S. 598, 5 Sup. Ct. 641, 28 L. Ed. 1093, that the giving of the bond is not jurisdictional, and that defects may be cured by amendment. It is held here that the bond filed is ample and properly conditioned.

It is contended that the defendant "elected to submit itself to the jurisdiction of the state court at the time when it was required to plead in that court to the jurisdiction or in abatement by entering a formal voluntary appearance and thereafter procuring extensions of time only to demur or answer to the merits in that court." The plaintiff's counsel in his points says:

"The point made is, not that the service of a general appearance in and of itself constitutes a waiver of the right to remove a cause. The point is, rather, that, if a defendant does anything by which it loses the right to oppose or answer the declaration or complaint by any or all pleas whatever, then it waives the right to remove the cause."

The plaintiff's counsel cites in support of this proposition Martin v. B. & O. R. R. Co., 151 U. S. 686, 14 Sup. Ct. 533, 38 L. Ed. 311. This court is not inclined to dispute the proposition actually decided in that case, which was that the defendant's petition for removal was filed in the state court (West Virginia) at or before the time within which the defendant was required by the laws of the state to answer or plead to the merits of the case, but after the time at which he was required to plead to the jurisdiction of the court or in abatement of the writ. The court said:

"Was this a compliance with the provision of the act of Congress of 1887, which defines the time of filing a petition for removal in the state court? We are of opinion that it was not, for more than one reason. This provision allows the petition for removal to be filed at or before the time when the defendant is required by the local law or rule of court "to answer or plead to the declaration or complaint." These words make no distinction between different kinds of answers or pleas; and all pleas or answers of the defendant, whether in matter of law by demurrer, or in matter of fact, either by dilatory plea to the jurisdiction of the court or in suspension or abatement of the particular suit, or by plea in bar of the whole right of action, are said, in the standard books on pleading, to 'oppose or answer' the declaration or complaint which the defendant is summoned to meet."

The questions in that case arose under the laws of the state of West Virginia, and, as pointed out, certain pleas could be filed and entered at one time and other pleas at other times. But in New York we have the following pleadings only: a complaint, a demurrer, an answer, and a reply. Code Civ. Proc. c. 6, tit. 1, §§ 478, 487, 500, 514. The complaint, the demurrer to the answer, and the reply are pleadings of the plaintiff. "The only pleading on the part of the defendant is either a demurrer [to the complaint or reply] or an answer" (section 487), or both, as he may answer one alleged cause of action and demur to the other. "The defendant may demur to the complaint, where one or more of the following objections thereto appear upon the face thereof:" that the court has not jurisdiction of the person of the defendant, or of the subject of the action, or when the plaintiff has not legal capacity to sue, or there is another action pending between the same parties for the

same cause, or there is a misjoinder of parties plaintiff, or a defect of parties plaintiff or defendant, or that causes of action have been improperly united, or that the complaint does not state facts sufficient to constitute a cause of action. Code Civ. Proc. § 488. The demurrer must specify the objections to the complaint (section 490), and (section 492) defendant may demur to the whole complaint or to any separate cause of action. The defendant may also demur to the reply, or to a separate traverse to or avoidance of a defense or counterclaim contained in the reply, on the ground that it is insufficient in law, upon the face thereof. "Where any of the matters enumerated in section four hundred and eighty-eight of this act as grounds of demurrer, do not appear on the face of the complaint, the objection may be taken by answer." Code Civ. Proc. § 498. "If such an objection is not taken, either by demurrer or answer, the defendant is deemed to have waived it; except the objection to the jurisdiction of the court, or the objection that the complaint does not state facts sufficient to constitute a cause of action." Code Civ. Proc. § 499. These are the "pleas" and pleadings, and the only "pleas" and pleadings, on the part of the defendant. Where time is obtained, either by order or stipulation, "to plead to a complaint" it covers every pleading and plea known to the law in the practice of the state courts of the state of New York. This is so because the defendant has only these pleadings, and in the one or the other he must insert his every plea either in abatement or to the jurisdiction or otherwise. The time to answer and to demur is the same—20 days in case of personal service, double time when service is made by mail. "A pleading must be subscribed by the attorney for the party. A copy of each pleading, subsequent to the complaint, must be served on the attorney for the adverse party, within twenty days after service of a copy of the preceding pleading." Code Civ. Proc. § 520. It is not necessary to call attention to the provisions when service is made by mail, and extensions of time to plead will be subsequently considered.

The Code of Civil Procedure has also provided modes for correcting pleas and pleadings, but these provisions having nothing to do with the time for serving the pleadings themselves or the time for interposing pleas. And the removal statute has nothing to do with or reference to remedies provided in the Code of Civil Procedure for correcting pleadings. By section 537 a party may move for judgment on a frivolous demurrer, answer, or reply. By section 538 a sham answer or a sham defense may be stricken out. By section 545, irrelevant, redundant, or scandalous matter may be stricken from any pleading. By section 546 denials or allegations in a pleading may be made more definite and certain. So the pleader may be required to separately state and number causes of action or defenses if intermingled or not separately stated and numbered. Rule 22 of the general rules of practice in the Supreme Court is as follows:

"Motions to strike out of any pleading matter alleged to be irrelevant, redundant or scandalous, and motions to correct a pleading on the ground of

its being 'so indefinite or uncertain that the precise meaning or application is not apparent,' must be noticed before demurring or answering the pleading and within twenty days from the service thereof. The time to make such motion shall not be extended unless notice of an application for such extension, stating the time and place thereof, of at least two days, shall be given to the adverse party."

But this has nothing to do with the time within which a pleading must be served, or with fixing or determining "the time or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." The defendant has but two pleadings, his answer or demurrer, and special pleas are unknown except as raised by the one or the other of these, as we have seen. A motion to strike out objectionable matter or to make definite and certain, etc., are proceedings to correct the pleading, the plea made, and such motions are not pleas to the jurisdiction or in abatement. "A plea in abatement is a defense to a pending action, and is properly so termed." Bliss, Code Pl. § 345; Bergkofski v. Ruzofski, 74 Conn. 204, 50 Atl. 565. "What was known under the old practice as a plea in abatement went to some defect or error which merely defeated the present proceeding, but did not show that the plaintiff was forever concluded from maintaining the action." Baylies, Code Pleading and Prac. (2d Ed.) p. 385. And he further says (page 386): "All this has been changed by the Code. That act contemplates but one answer, which shall embrace matter in abatement as well as matter in bar; and the defendant may now unite matter in abatement and matter in bar, and have both tried and determined at the same time." See, also, Mayhew v. Robinson, 10 How. Prac. 164; Cohn v. Lehman, 93 Mo. 574, 6 S. W. 267; Vol. 6, Words and Phrases Judicially Defined, 5406–5409. In any event, the removal act never contemplated or intended, by using the words, "to answer or plead to the declaration or complaint of the plaintiff," to require the removing party to file his petition and bond of removal at or before his time to move by motion to correct his adversary's pleading had expired. The defendant is not "required" by any rule of law or of practice to make any of the motions to correct pleadings to which attention has been called. If he makes either of them, he must move within the time fixed by the rule; but he may waive any of the defects, and plead by answer or demurrer. This he must do—this he is "required" to do—or suffer judgment to go against him. This court is aware of the holding of the Supreme Court of the United States in Goldey v. Morning News, 156 U. S. 524, 15 Sup. Ct. 562, 39 L. Ed. 517, viz.:

"It has been held by this court, upon full consideration, that the provision of this act that the petition for removal shall be filed in the state court at or before the time when the defendant is required by the local law or rule of court 'to answer or plead to the declaration or complaint,' requires the petition to be there filed at or before the time when the defendant is so required to file any kind of plea or answer, 'whether in matter of law, by demurrer, or in matter of fact, either by dilatory plea to the jurisdiction of the court, or in suspension or abatement of the particular suit, or by plea in bar of the whole right of action,' because, as the court said: 'Construing the provision now in question, having regard to the natural meaning of its language, and to

the history of the legislation upon this subject, the only reasonable inference is that Congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court; so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the Circuit Court of the United States.' Martin v. Baltimore & Ohio Railroad, 151 U. S. 673, 686, 687, 14 Sup. Ct. 533, 38 L. Ed. 311."

This court is prepared to hold, and holds, that this language has no reference to the motions authorized by the Code of Civil Procedure, state of New York, or rule 22 of general practice. It is clear that the defendant did not elect to submit itself to the jurisdiction of the state court, or waive its right of removal because it did not obtain extensions of time to make the motions referred to. It follows that the time of the defendant to remove the cause to the state court had not expired prior to the filing of the petition and bond of removal, unless it be the law that the written consents or stipulations signed by plaintiff's attorneys extending the defendant's time to plead to the complaint were of no force or effect because no order of court was entered so extending the time to plead, or because, while operating to extend the time to plead, the last extension did not, within the meaning of the removal act, extend the time to remove because of the provisions of rule 24, general rules of practice, which reads as follows:

"No order extending a defendant's time to answer or demur shall be granted unless the party applying for such order shall present to the judge to whom the application shall be made an affidavit of merits, or proof that it has been filed, or an affidavit of the attorney or counsel retained to defend the action that from the statement of the case in the action made to him by the defendant he verily believes that the defendant has a good and substantial defense upon the merits to the cause of action set forth in the complaint, or to some part thereof. The affidavit shall also state the cause of action and the relief demanded in the complaint, and whether any and what extension or extensions of time to answer or demur have been granted by stipulation or order, and where any extension has been had, the date of issue shall be the same as though the answer had been served when the time to answer first expired. When the time to serve any pleading has been extended by stipulation or order for twenty days, no further time shall be granted by order, except upon two days' notice to the adverse party of the application for such order."

That rule applies to applications to the court for an order extending the time to plead made on affidavits. In such cases, if an extension has been had by order or stipulation, the motion is on notice, and the issue remains as of the date when the pleading was first due. If no extension has been had, no notice is given. The provision as to the date of issue is made to prevent the case taking a low place on the calendar because of favors granted to the defendant. Rule 11 of the general rules of practice recognizes stipulations and written consents when in writing and duly signed. That rule is as follows:

"No private agreement or consent between the parties or their attorneys, in respect to the proceedings in a cause, shall be binding, unless the same shall have been reduced to the form of an order by consent, and entered, or unless the evidence thereof shall be in writing, subscribed by the party against whom the same shall be alleged, or by his attorney or counsel."

This rule is a declaration that the stipulations signed by the plaintiff's attorneys in this case were and are valid and binding. If valid and binding, they extend the time of the defendant to plead to the complaint—to answer or demur thereto, to plead in abatement, or to the issue or to the jurisdiction; in short, to make any authorized plea. In the courts of the state written stipulations are always enforced and held binding, subject, of course, to the power of the court to relieve the party therefrom for cause. Clason v. Baldwin, 152 N. Y. 204–210, 46 N. E. 322; Hine v. N. Y. El. R. R. Co., 149 N. Y. 154, 43 N. E. 414; Matter of Pet. of N. Y. L. & W. R. R. Co., 98 N. Y. 452, 453. In this last case cited the court said:

"Parties, by their stipulations, may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even. constitutional, rights. They may stipulate for shorter limitations of time for bringing actions for the breach of contracts than are prescribed by the statutes, such limitations being frequently found in insurance policies. They may stipulate that the decision of a court shall be final, and thus waive the right of appeal; and all such stipulations not unreasonable, not against good morals or sound public policy, have been and will be enforced; and. generally, all stipulations made by parties for the government of their conduct, or the control of their rights in the trial of a cause, or the conduct of a litigation, are enforced by the courts. Buel v. Trustees of Lockport, 3 N. Y. 197; Embury v. Conner, 3 N. Y. 511 [53 Am. Dec. 325]; Sherman v. McKeon, 38 N. Y. 266; Allen v. Commissioners, etc., 38 N. Y. 312; Vose v. Cockroft, 44 N. Y. 415; Phyfe v. Eimer, 45 N. Y. 102; De Grove v. Insurance Co., 61 N. Y. 594 [19 Am. Rep. 305]; O. & L. C. R. R. Co. v. V. & C. R. R. Co., 63 N. Y. 176; Wilkinson v. Insurance Co., 72 N. Y. 499 [28 Am. Rep. 166]; Baird v. Mayor, etc., 74 N. Y. 382; Hilton v. Fonda, 86 N. Y. 339; Steen v. Insurance Co., 89 N. Y. 315 [42 Am. Rep. 297]; In re Cooper, 93 N. Y. 507; Stedeker v. Bernard, Id. 589."

The time within which the removal proceedings shall be taken is not jurisdictional, and may be waived. Powers v. Chesapeake & Ohio Railway, 169 U. S. 98, 18 Sup. Ct. 266, 42 L. Ed. 673. The court there says:

· "But the time of filing a petition for removal is not essential to the jurisdiction. The provision on that subject is, in the words of Mr. Justice Bradley, 'but modal and formal,' and a failure to comply with it may be the subject of waiver or estoppel. Ayers v. Watson, 113 U. S. 594, 597, 599, 5 Sup. Ct. 641, 28 L. Ed. 1093; Northern Pacific Railroad v. Austin, 135 U. S. 315, 318, 10 Sup. Ct. 758, 34 L. Ed. 218; Martin v. Baltimore & Ohio Railroad, 151 U. S. 673, 688–691, 14 Sup. Ct. 533, 38 L. Ed. 311; Connell v. Smiley, 156 U. S. 335, 15 Sup. Ct. 353, 39 L. Ed. 443."

In Hughes' Federal Procedure, p. 331, it is said:

"At the same time the question of the time of filing the petition is not one of jurisdiction, but is, as has been said more than once, merely modal and formal. Hence it is a requirement which may be waived either by direct consent or by conduct."

The plaintiff in this action stipulated and consented in the state court deliberately and in writing that the time of defendant, American Bridge Company, to plead to the complaint herein be extended to and including January 10, 1905. Upon these stipulations and consents the defendant acted, and evidently relied. Within the time, and on the 28th day of December, 1904, the defendant took

due proceedings to remove the case to the Circuit Court of the United States, as it had the legal right to do. It presented its petition, which is sufficient, and in due form, and a bond which is sufficient and in due form and duly approved, to a justice of the Supreme Court sitting in chambers, as the plaintiff asserts, or in Special Term, as the defendant asserts, and then and there procured the approval of the bond. The bond and petition were then filed in the Supreme Court by filing them with the clerk of the Supreme Court and in his office in Tompkins county, the county where the venue was laid, and where all papers in the action in the state court were by the Code of Civil Procedure and the rules of practice required to be filed. Section 825, Code Civ. Proc. The Supreme Court of the United States has just decided (April 17, 1905), in Remington v. Central Pacific Railroad Co., 25 Sup. Ct. 577, 49 L. Ed. ——, that "the presenting of the petition to a judge in chambers and the filing of it in the state court satisfies the statute." The court cites and approves Noble v. Mass. Benefit Association (C. C.) 48 Fed. 337, and Loop v. Winter's Estate (C. C.) 115 Fed. 362. Section 772 of the Code of Civil Procedure of the state of New York provides:

"Where an order, in an action, may be made by a judge of the court, out of court, and without notice, and the particular judge is not specially designated by law, it may be made by any judge of the court, in any part of the state."

It necessarily follows that the presentation of these papers to Judge Dickey was a presentation to the Supreme Court, and, while no order was made, as an order was unnecessary, he had the right to make one, and in effect, did make one by approving the bond, and thereby presumably directing that they be filed in the Supreme Court; that is, in the office of the clerk of that court in Tompkins county.

Baylies' Code Pleading and Practice (2d Ed.) p. 470, says:

"The time within which a party is required by statute to serve a pleading may always be extended by the attorney upon whom the pleading is to be served, or by the party for whom he is acting. Consent to an extension of time to plead is frequently granted in practice, as a refusal of a request for further time merely compels the adverse party to apply for an order granting such relief which is seldom refused."

See, also, Braisted v. Johnson, 5 Sandf. 671.

It seems clear to this court that the entry of an order by the court extending the time of the defendant to plead to the complaint of the plaintiff was entirely unnecessary. The stipulation under the decisions of the New York courts was just as effective and binding as an order would have been. Orders extending the time to plead are only made on affidavits and where the court directs the extension of time. If the parties consent and agree in writing that the time be extended, it is extended, and the party signing the stipulation can only escape from the effect of the stipulation by showing fraud or collusion, and then the court must act. 1 Rumsey's Practice, 221, 222. It is well settled in the Second Circuit that an extension of time to answer by an order entered in the state court ex-

tends the time for filing a petition for removal. Lord v. Lehigh Val. R. Co. (C. C.) 104 Fed. 929. See the numerous cases there cited. In Chiatovich v. Hanchett et al. (C. C.) 78 Fed. 193, it was held:

"Where a stipulation, signed by a party or his attorney or counsel, is of binding force, a cause may be removed from a state to a federal court within the period to which the defendant's time to answer is extended by a written stipulation, though no order of court is entered thereon."

In that case the court said (page 195):

"It is the settled law and practice of the United States Circuit Courts that an extension of time to answer by order of court, whether made on stipulation or not, extends the time for removal. * * * [Citing cases.] This point is conceded by the plaintiff; but his contention is that a mere stipulation of counsel, without any order of the court, is insufficient to extend the time for a removal, and cites authorities in support of this proposition. Martin v. Carter (C. C.) 48 Fed. 596; Schipper v. Cordage Co. (C. C.) 72 Fed. 803. But the question depends solely upon what 'is required by the laws of the state or the rule of the state court in which such suit is brought.' This court must be governed in its decision upon this point by the laws and rules of the court of the state of Nevada. By the laws of this state the Supreme Court is authorized to 'make rules not inconsistent with the Constitution and laws of the state for its own government and the government of the district courts.' Gen. St. Nev. 1885, § 3612. In pursuance of that authority the Supreme Court adopted certain rules for the government of the district courts; among others, that no agreement or stipulation of counsel should be regarded 'unless the same shall be entered in the minutes in the form of an order by consent or unless the same shall be in writing subscribed by the party against whom the same shall be alleged or by his attorney or counsel.' * * * No default could have been entered in the state court. The time for defendants to plead had not expired. The petition for removal was filed in time. People's Bank v. Ætna Ins. Co. (C. C.) 53 Fed. 161."

To the same effect is Allmark v. Platte S. S. Co. (C. C.) 76 Fed. 614.

The Code of Civil Procedure of the state of New York authorizes the making of rules by the Supreme Court, and these rules have all the force of statute. Section 17, Code Civ. Proc. These rules recognize stipulations, as we have seen, and, as the stipulations, referred to were made, and the defendant's time to plead to the complaint was thereby extended to and including the 10th day of January, 1905, and the removal papers in due form were filed in the Supreme Court on the 30th day of December, 1904, after having been presented to that court, and after the court had approved the bond, the proceeding for removal was in time, and the cause was properly removed to the Circuit Court of the United States. It seems clear to this court that the written stipulation, extending the time of the defendant to plead to a certain day, estopped the plaintiff from saying in the proceeding to remove the cause that the time in which defendant was required to answer or plead to the complaint had expired before the arrival of the day named in such stipulation.

The general appearance of the defendant did not operate as a waiver of its right to remove. Stevens v. Richardson et al. (C. C.) 9 Fed. 195; Gavin v. Vance (C. C.) 33 Fed. 84; Conner v. Skagit

Cumberland Coal Co. (C. C.) 45 Fed. 802; Duncan v. Associated Press (C. C.) 81 Fed. 417; Whiteley M. C. Co. v. Sterlingworth Ry. Supply Co. (C. C.) 83 Fed. 853; Champlain Const. Co. v. O'Brien (C. C.) 104 Fed. 930; Atlanta K. & N. Ry. Co. v. Southern Ry. Co. (C. C. A.) 131 Fed. 657. Indeed, the plaintiff's attorney does not claim the contrary.

The motion to remand is denied.